55 So.2d 540 (1951)
WATSON
v.
CAMPBELL.
Supreme Court of Florida, Special Division B.
December 4, 1951.
Clyde H. Lockhart, Brooksville, for appellant.
E.S. MacKenzie, Brooksville, for appellee.
TERRELL, Justice.
Appellant as plaintiff brought suit in replevin against appellee as defendant to recover possession of eleven head of cattle. Defendant filed his answer to the complaint. A pre-trial conference was held and the value of the cattle was fixed by agreement at one thousand dollars. All other issues were eliminated but ownership and possession of the cattle. Both parties waived claim to any damages except court costs. The case went to trial and the jury returned a verdict for the defendant. Motion for new trial was denied and the plaintiff appealed.
It appears that more than fourteen years prior to the trial the plaintiff had been convicted for the larceny of a hog. Plaintiff offered himself as a witness in the case at bar in his own behalf. For the purpose of impeaching his credibility defendant was permitted to introduce in evidence the complete record of the trial in the hog stealing case before having laid the predicate for doing so by questioning the plaintiff about such conviction.
The first question raised challenges this procedure as being contrary to the provisions of Section 90.08, F.S.A. as follows: "No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime except perjury, *541 but his testimony shall be received in evidence under the rules, as any other testimony; provided, however, evidence of such conviction may be given to affect the credibility of the said witness, and that such conviction may be proved by questioning the proposed witness, or, if he deny it, by producing the record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility."
This court is committed to the doctrine that evidence of another and distinct crime committed by defendant, in no way connected by circumstances with the one for which he is being tried, is inadmissible. Wilson v. State, 134 Fla. 199, 183 So. 748; Nickels v. State, 90 Fla. 659, 106 So. 479. The general rule is that evidence of particular acts of misconduct cannot be introduced to impeach the credibility of a witness. Roberson et al. v. State, 40 Fla. 509, 24 So. 474; Nelson v. State, 99 Fla. 1032, 128 So. 1; Squires v. State, 42 Fla. 251, 27 So. 864.
This is not a criminal case but the same rule as to credibility applies. The larceny case had no relation or connection whatever with the replevin case and the admission of evidence relating to it had no place in this case. Then if it had been competent evidence, under the clear terms of the quoted statute, plaintiff should have been asked about his conviction for previous crime and "if he deny it," it would then be proper to produce the record of his conviction. By the plain terms of the statute there is no reason to introduce the record in the larceny case unless the witness denies his conviction.
The third question challenges the probative value of the evidence. I think the decided weight of the probative evidence preponderates in favor of appellant. It shows without contradiction the source by which appellant came by every one of the cattle involved in the suit. The evidence of defendant in support of his claim is inconclusive, indefinite and far from convincing. It leaves one with a feeling that something outside the evidence influenced the verdict.
I think the judgment should be reversed and a new trial awarded.
Reversed.
SEBRING, C.J., and ROBERTS, and MATHEWS, JJ., concur.