99 So.2d 565 (1957)
B.B. McArthur, d/b/a B.B. McArthur Dairy, Appellant,
v.
Otis COOK, Appellee.
Supreme Court of Florida.
December 20, 1957.
Fleming, O'Bryan & Fleming and Theodore R. Hainline, Fort Lauderdale, for appellant.
Robbins, Cannova & Franza, Hollywood, for appellee.
THORNAL, Justice.
Appellant McArthur, who was defendant below, seeks reversal of a final judgment in favor of appellee Cook, plaintiff below, in a suit for damages for personal injuries resulting from the alleged negligence of appellant.
Our conclusion turns on a determination of the question as to whether a witness in a civil action may be discredited by proof of conviction of a crime.
Appellee Cook was an employee of appellant McArthur in the operation of a dairy. *566 Cook, the employee, alleges that he was injured when he fell from a horse while in the performance of the duties of his employment. He contends that appellant failed to furnish him safe equipment with which to work. Cook alleged that while riding the horse a cincture strap, which is a part of the saddle, broke. Because of the alleged defective saddle, he claims that he fell to the ground, that the horse fell on top of him, breaking his leg and causing severe personal injuries.
In the course of the trial Cook testified as a witness in his own behalf. In fact, his testimony was the only direct evidence of the circumstances immediately surrounding the occurrence of the injury. On cross-examination appellant's counsel undertook to question Cook as to whether he had ever been convicted of a crime. After permitting a series of questions on this line, the trial judge on further reflection sustained a motion to strike all of the questions and answers, holding such testimony to be inadmissible. The trial resulted in a jury verdict for Cook. Reversal of the final judgment entered pursuant to the verdict is now sought.
The appellant cites several alleged errors but the one which influences our judgment is grounded on the contention that the trial judge committed error in refusing to permit the cross-examination with reference to prior convictions of crimes.
On the critical point the appellee contends that proof of conviction of a crime is inadmissible in a civil action for the purpose of discrediting a witness.
At the outset we should bear in mind that we are here dealing with the matter of the credibility of a witness rather than his competency. At common law a prior conviction of various types of crimes completely incapacitated the convicted person to testify in a court of justice. This rule has now been changed by statute in most of the states. Jones, Commentaries on Evidence, Vol. 6, Sec. 2440. The ultimate effect of these statutes generally has been to eliminate conviction of a crime (with various exceptions) as an element which completely disqualifies the witness. In lieu of disqualification the statutes generally have substituted a provision which permits proof of conviction as an element reflecting on the credibility of the witness.
In Florida two statutes deal with the problem. Section 90.07, Florida Statutes, F.S.A., which is not here involved completely disqualifies one who has been convicted or perjury from testifying in any court in this state. Section 90.08, Florida Statutes, F.S.A., which is the act here involved eliminates conviction of crimes other than perjury as a disqualification, but specifically provides that evidence of conviction may be given to reflect on the credibility of the witness. Section 90.08, Florida Statutes, F.S.A., reads as follows:
"Witnesses; conviction of other crimes as disqualification

"No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime except perjury, but his testimony shall be received in evidence under the rules, as any other testimony; provided, however, evidence of such conviction may be given to affect the credibility of the said witness, and that such conviction may be proved by questioning the proposed witness, or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility."
It appears to us that the language of this statute is quite clear and requires no construction. The application of the act, however, has presented some problems which we herewith undertake to eliminate for the guidance of the Bar and the trial courts.
In the first place appellee contends that the act is applicable only to criminal *567 cases in view of the revisors' catch line "conviction of other crimes as disqualification" appearing in the statutory revision. We think this contention is not supported by the language of the act itself. Further, to support this conclusion we have examined Chapter 4966, Laws of Florida 1901, which was the legislative enactment now cited as Section 90.08, Florida Statutes, F.S.A. The title to the original act read:
"An Act to Provide for the Admission in Evidence of the Testimony of Parties Convicted of Crime, and Providing for the Admission of Evidence Affecting the Credibility of Such Witnesses."
It is clear from the title of the original statute that it was intended to apply to proceedings both civil and criminal. Moreover, in Watson v. Campbell, Fla. 1951, 55 So.2d 540, a case relied upon by the appellee, we specifically stated that the rule as to credibility is the same in both criminal and civil cases. Again referring to Watson v. Campbell, supra, the appellee contends that we there held that proof of a conviction of a crime is not admissible in a civil action to impeach the credibility of a witness. We do not so understand the rule of the cited case. It was there merely held that a party seeking to impeach the credibility of the witness could not offer in evidence the record of the trial in a criminal case until he had properly laid the predicate for doing so by interrogating the witness with reference to whether or not he had been convicted. Even then the record in the criminal case could not be submitted unless the witness denied the conviction.
In view of our holding that the rule as to impeaching the credibility of a witness because of conviction of a crime is equally applicable in civil and criminal cases, we think the decision in Mead v. State, Fla. 1956, 86 So.2d 773, is helpful. It was there pointed out that evidence of conviction of a crime might influence the jury in evaluating the credibility of the witness involved. We there further emphasized that the proper procedural approach is simply to ask the witness the straight-forward question as to whether he had ever been convicted of a crime. The inquiry must end at this point unless the witness denies that he has been convicted. In the event of such denial the adverse party may then in the presentation of his side of the case produce and file in evidence the record of any such conviction. If the witness admits prior conviction of a crime, the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted. If the witness so desires he may of his own volition state the nature of the crime and offer any relevant testimony that would eliminate any adverse implications; for example, the fact that he had in the meantime been fully pardoned or that the crime was a minor one and occurred many years before. The restrictions on the use of this type of interrogation to reflect adversely on the credibility of a witness have been well illustrated by other cases. It would be repetitious to elaborate on this phase of the matter here. See Mead v. State, supra; Collins v. State, 155 Fla. 141, 19 So.2d 718; Wilson v. State, 134 Fla. 199, 183 So. 748; Robinson v. State, 80 Fla. 736, 87 So. 61. See also 58 Am.Jur., Witnesses, Sec. 734, et seq.
It is further contended by appellee that if error was committed by the trial judge in striking the testimony here involved it was harmless for the reason that other witnesses testified as to various circumstances that would have justified the jury in drawing appropriate inferences to sustain the ultimate verdict. We cannot agree that we should so de-emphasize the denial of a procedural right that has been established by a legislative enactment. Section 54.23, Florida Statutes, F.S.A. We think this conclusion particularly appropriate in a case such as this when the only testimony bearing directly on the critical facts as to the actual occurrence is the testimony of the witness whose credibility the adversary seeks to impeach. If, for *568 example, the plaintiff Cook had been sufficiently discredited as a witness in the minds of the jurors, the ultimate result of this case could have been entirely different. We do not say that it would or should have been different; we merely hold that if the correct rule of evidence had been applied, it could have been.
We have not overlooked the other points raised by the appellant with reference to alleged erroneous instructions, the applicability of the fellow servant rule and the so-called "simple tool doctrine" or the alleged error in the refusal of the trial judge to direct a verdict for appellant. We have considered all of these points but find therein no basis for reversal.
On the principal question discussed above, however, it is our conclusion that error was committed and a new trial will have to be granted. The judgment is therefore 
Reversed.
TERRELL, C.J. and ROBERTS, DREW and O'CONNELL, JJ., concur.