BARNS, PAUL D., Associate Judge.
After an adverse jury verdict at trial upon an Information charging the defendant with robbery, defendant appealed from the judgment and sentence. We affirm.
The defendant represented by the Public Defender made no motion for a new trial and on this appeal has failed and neglected to state in his brief the assignments of error relied on for reversal. Appellate Rule 3.7(f) (4), 32 F.S.A. requires that, “Specific assignments of error from which the points argued arise should be stated.” Apparently, the Public Defenders do not know of this Rule, although they prosecute many appeals.
The history of the robbery for which the defendant was convicted grew out of a jail break where the defendant was held as a prisoner. When the defendant was confined to the “bull pen” with other prisoners, Earnest R. Carter was serving as a night guard at the Orange County Prison Farm. Two prisoners, Hall and Suddeth, assaulted Carter with a club, took his pistol from him and forced Carter to open the “bull pen” from which eight prisoners escaped, including the appellant, Herzig. Carter, the guard, was tied up with a rope by Herzig and one Britton in the “bull pen” and his car keys were then removed from his pocket and his car was stolen. When the keys were being searched for by Herzig, Carter testified that Britton stated, “I don’t want to hurt you but we will kill you.”
Appellant’s first point is based on assignment of error No. 6 to the effect that the court erred in allowing the prosecutor, over objection, to inquire on cross-examination of defense witness, Cook: “Cook, you are presently charged with escape and other offenses”, to which defense counsel made objection: “Objection, Your Honor, that is irrelevant and immaterial.” The question was propounded after Cook had testified on behalf of the defendant that he was a prisoner confined to the “bull pen” and had left it with other prisoners when the jail break occurred. In answer to the question, Cook replied in the affirmative. The quoted question was propounded after Cook had testified that he did not see Herzig tie up Carter, nor did he see Britton have any contact with Carter; that Her-zig “was one of the boys that went with us” and Herzig “did not stay down there with Britton.” The point is not well founded and the assignment is without merit. The question was material as to any interest of the witness in the outcome of the action and could affect the credibility of his testimony by the jury.
The defendant’s second point is based on assignment of error numbered 8 to the effect that the “court erred in allowing the Prosecuting Attorney to comment to the jury that the witness, Cook, would probably be tried for a similar offense.” No objection was made when the prosecuting attorney in his opening statement to the jury argued, “The defendant brought in several of his co-defendants to testify in his behalf. Cook was brought in and his testimony was, I submit to you, highly questionable. He will probably be tried for a similar offense.” This point also fails as the statement was fair argument going to the credibility of Cook’s testimony, and it was not fundamental error for the court to have permitted it. The judgment appealed from is affirmed.
Affirmed.
WALDEN, C. J., and REED, J., concur.