PEOPLE *v.* BROWN

1. HOMICIDE—SECOND-DEGREE MURDER—SELF-DEFENSE—INSTRUCTION
   TO JURY.
   > A trial judge is not obligated to charge specifically that the
   > prosecution has the burden of proving that a killing was not
   > done in self-defense.

2. HOMICIDE—SECOND-DEGREE MURDER—SELF-DEFENSE—INSTRUCTION
   TO JURY.
   > An instruction to the jury that a killing in self-defense is a
   > justifiable or an excusable killing and that the people must
   > prove beyond a reasonable doubt that the defendant com-
   > mitted a felonious killing adequately covered the issue of self-
   > defense where the defendant neither requested additional in-
   > structions regarding self-defense nor made any objections
   > the instruction given and, because a trial judge is not obligated
   > to charge specifically that the prosecution has the burden of
   > proving that a killing was not in self-defense.

3. CRIMINAL LAW—WITNESSES—CREDIBILITY—PRIOR ARRESTS—PRIOR
   CONVICTIONS.
   > A witness in a criminal case may be questioned about prior
   > arrests and convictions for purposes of testing credibility
   > (MCLA § 600.2158).

4. CRIMINAL LAW—WITNESSES—CREDIBILITY—PRIOR CONVICTIONS—
   WITNESS'S DENIAL—FAILURE TO PROVE.
   > Prosecutor's failure to establish a prior conviction of the defend-
   > ant after questioning the defendant about the conviction and
   > after defendant had denied it did not deprive defendant of a
   > fair trial where no objection to this particular question was

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  40 Am Jur 2d, Homicide § 519.
[3]  58 Am Jur, Witnesses § 870.
[4]  58 Am Jur, Witnesses § 747 *et seq.*
[5]  53 Am Jur, Trial §§ 939, 940.

made and no request for a mistrial was made, because if an objection had been made, the prosecutor would have had notice and could have produced proof of the prior conviction.

5. Criminal Law—Trial—Re-reading Testimony—Refusal—Discretion.

Refusal, in defense counsel's absence, of jurors' request that certain portions of the testimony be read back to them was not error, because the re-reading of testimony is clearly within the trial judge's discretion where defendant specifically waived the presence of her attorney after the jury had retired.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 May 6, 1970, at Detroit. (Docket No. 7651.) Decided May 24, 1971. Leave to appeal denied, 386 Mich 763.

Deloris Jean Brown was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Attorney, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: V. J. Brennan, P. J. and McGregor and Ager,* JJ.

Per Curiam. Defendant was found guilty by a jury of the crime of second-degree murder. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). On appeal, defendant raises five claims of error.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

First, defendant asserts that the trial court erroneously instructed the jury relative to the requirement of malice for a verdict of second-degree murder.

The trial court's charge to the jury in a criminal case must be read as a whole in order to determine whether it is prejudicial. *People* v. *Mayberry* (1970), 25 Mich App 677; *People* v. *Wright* (1970), 23 Mich App 330. Read in its entirety, the charge was correct and no injustice appears.

An examination of the record discloses that there was no request made by counsel for defendant for an instruction relative to malice, nor was objection made to the instructions as given by the trial court. MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052); GCR 1963, 516.2; *People* v. *Matthews* (1970), 22 Mich App 619.

Second, defendant claims that the trial court erroneously failed to instruct the jury that the burden of proof on the issue of self-defense was on the prosecution. The court said that "the burden is upon the people to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged". Then the court went on to say that "homicide committed in the defense of one's life or where it is committed in defense of one's life  *  *  *  is excusable." The court in its instruction stated that killing in self-defense would be a justifiable or an excusable killing, and that the People must prove beyond a reasonable doubt that the defendant committed a felonious killing. This Court is of the opinion that this instruction covered the required instruction as to the defense of self-defense. The judge is not obliged to charge specifically that the burden was upon the people to prove that the killing was not done in self-defense, *People* v. *Hunley* (1946), 313

Mich 688. It should also be pointed out that there was no request made by counsel for the defendant for additional instructions regarding self-defense, nor were there any objections to the instruction given.

Third, defendant claims that she was denied a fair trial when the prosecutor questioned her about a prior conviction and then made no attempt to establish it after defendant's denial. It has long been the law in this jurisdiction that a witness may be questioned about prior arrests and convictions for the purpose of testing credibility. MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158); *People* v. *Hoffman* (1965), 1 Mich App 557; *People* v. *Brocato* (1969) 17 Mich App 277. No objection to this particular question was made, nor was there any request for a mistrial. If this had been done, the prosecutor would have had notice of this objection and could have produced proof of this prior conviction.

Fourth, defendant questions whether the trial court erred in deciding, in the absence of defense counsel, to refuse the jurors' request that certain portions of the testimony be read back to them. This matter is clearly within the discretion of the trial court, *People* v. *Ray Clifton Smith* (1969), 20 Mich App 243, and a review of the record on appeal discloses no abuse of this discretion and further discloses that defendant specifically waived the presence of her attorney after the jury retired. The better procedure might well be to require the presence of attorneys, but there was no showing of prejudice and reversible error was not committed.

Lastly, defendant asserts that the prosecutor made a prejudicial comment in his closing argument with regard to the instructions which would be given by the trial court. No objections were made by de-

fendant's counsel.  A review of the record on appeal fails to disclose any statements made by the prosecutor during closing argument which are so prejudicial to the defendant's rights as to call for a reversal of her conviction.

Affirmed.