BOYD, Judge
(dissenting):
I must dissent. The prosecutor’s questioning of defendant concerning prior crimes was improper and constituted grounds for a mistrial. The prosecution’s cross-examination of defendant regarding prior convictions proceeded as follows :
“Q. Have you ever been convicted of a felony ?
“A. No.
“Q. Pardon me?
“A. No.
“Q. You served some time up here on a felony—
“A. No.
“Q. 1969, January 8—
“A. No.
“Q. Auto theft and another charge — ” At that point the discussion between the Court and counsel indicates that the State was relying on an FBI rap sheet but apparently was not prepared to refute the defendant’s denial with a proper record of a prior conviction. The Court instructed the jury to disregard the question as to whether or not defendant had been convicted of a felony.
The proper procedure for proving prior convictions is well established. Florida Statutes § 90.08, F.S.A., provides :
“No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime . ; provided, however, evidence of such conviction may be given to affect the credibility of the said witness, and that such conviction may be proved by questioning the proposed witness, or, if he deny it, by producing a record of his conviction. * * * ”
In McArthur v. Cook[2] this Court stated:
“[T]he proper procedural approach is simply to ask the witness the straightforward question as to whether he had ever been convicted of a crime. The inquiry must end at this point unless the witness denies that he has been convicted. In the event of such denial the adverse party may then in the presentation of his side of the case produce and file in evidence the record of any such conviction. If the witness admits prior conviction of a crime, the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted. If the witness so desires he may of his own volition state the nature of the crime and offer any relevant testimony that would eliminate any adverse implications; for example, the fact that he had in the meantime been fully pardoned or that the crime was a minor one *11 and occurred many years before.” (e. s.)
I cannot agree with the appellee that the prosecutor’s failure to “rigidly” follow proper procedure was not prejudicial because the “last word put before the jury came from the lips of the defendant himself and it was that he had not been so convicted.” The State’s Attorney, even without legally admissible proof of conviction, spoke from a position of presumed knowledge of such matters and with greater authority than the accused. His cross-examination of the defendant might well have raised serious questions in the minds of the jurors as to defendant’s criminal propensity as well as his veracity.
The second meritorious point on appeal involves testimony of Daisy Marjorie Hewitt, who became a witness on behalf of the defense. During direct examination this witness testified that the defendant could not have committed the offense charged, since, during the material times the defendant was with her and her husband. During cross-examination by the State, testimony was elicited that the defendant, Robert Warren, lived with her on his return from Okeechobee. Immediately, counsel for defendant objected to such line of questioning on the grounds that such inquiry was highly prejudicial, not within the scope of direct examination, irrelevant, immaterial, sought to introduce collateral matters and was an attempt by the prosecution to do by indirection what could not be done by questioning defendant as to prior convictions for crime. Argument was had upon defendant’s objection in a conference at the bench. In the course of this argument the State Attorney indicated that it was their intention to ask Hewitt what Okeechobee was (a boys’ reform school) and what defendant was doing there. The trial court ruled on the objection in part as follows:
“What I want to keep out is questions sounding like you are trying to find out what Okeechobee is, and it is my understanding Okeechobee is a boys’ reform school.
« * * *
“ * * * I have no objection to your showing the date she knew he was there or not there, but I do not think it is material, and I think we run into some prejudicial error if you bring out what Okeechobee is.”
Despite the foregoing ruling of the trial court, the prosecution continued to question the witness, Daisy Hewitt, regarding defendant’s stay in Okeechobee at a time, early in 1970, not material to the offense, allegedly committed July 1970, for which he was on trial. The questioning of Daisy Hewitt by the State proceeded as follows:
“Q. How did you find out he went to Okeechobee ?
“A. Because he would write us from Okeechobee.
“Q. He would write you from the city of Okeechobee?
“A. I know in a letter he was in a boys’ school.
“Q. A boys’school ?
“A. Yes. That is all I knew in Okeechobee.
“Q. Like a college or something?
“A. No.
“MR. HARRISON: Your Honor, I object.
“THE COURT: Approach the bench.”
I agree with appellant that the foregoing constitutes error compounding the other error committed in the cross-examination of the defendant regarding prior convictions. If the prosecution is not prepared to establish a defendant’s prior convictions by legally acceptable means, it will not be permitted to resort to other methods, thereby circumventing the required procedure.
It is no excuse that, as suggested by ap-pellee in its brief, the witness “volun *12 teered” the fact that Okeechobee was a boys’ school. Even the mention of Okeechobee, well-known by residents of South Florida as the location of a boys’ reform school, was probably prejudicial under the facts of this case. In addition, persistent, overzealous counsel for the prosecution repeated the prohibited information, ruled inadmissible by the trial court, and continued to question the witness regarding the nature of the place where defendant had been at a time prior to the date of the offense for which he was on trial.
The foregoing errors were sufficient to have prejudiced the jury, and in my opinion, require the grant of a new trial.

. 99 So.2d 565, 567 (1957).