279 So.2d 99 (1973)
Frank Wilson WHITEHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 72-522.
District Court of Appeal of Florida, Second District.
June 8, 1973.
*100 James A. Gardner, Public Defender, and Elliott C. Metcalfe, Jr., Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant was convicted of murder in the second degree, adjudged guilty and sentenced to twenty years in the state penitentiary.
Appellant was accused of stabbing the victim with a knife and inflicting mortal wounds. During the trial appellant took the stand in his own behalf and stated, among other things, that he had never carried a knife in his life until two days prior to the incident involved in this case. On cross-examination, over objection of defense counsel, the trial court permitted the prosecuting attorney to question him as to numerous prior arrests, none of which concerned assault with a knife or carrying a knife. Defense counsel moved for a mistrial but this motion was denied.
In rebuttal the prosecuting attorney presented a deputy sheriff who, over defense counsel's objection, proceeded to testify as to appellant's prior arrest record with submission into evidence of each "mug shot" taken at the prior arrests of appellant, including the offense for which appellant was on trial. Again, defense counsel's motion for a mistrial was denied.
Evidence of another and distinct crime committed by a defendant, in no way relevant or connected by circumstances with the one for which he is being tried, is inadmissible. Watson v. Campbell, Fla. 1954, 55 So.2d 540. See Williams v. State, Fla. 1959, 110 So.2d 654, and the many subsequent cases dealing with the subject.
When a defendant testifies on his own behalf, he may be asked if he had ever been convicted of a crime. F.S., § 90.08 F.S.A. If he admits such conviction, he may be asked how many times he had been convicted. Lockwood v. State, Fla. App. 1959, 107 So.2d 770. At that point the inquiry must stop. If he denies the conviction, the opposing party may produce the record of conviction. In any event the matter may not be pursued to the point of naming the crime when the defendant admits it. Mead v. State, Fla. 1956, 86 So.2d 773. See Ailer v. State, Fla.App. 1959, 114 So.2d 348.
We hold that the lower court committed reversible error in permitting the prosecuting attorney, over objection, to question appellant as to irrelevant crimes, and in denying appellant's motion for mistrial. Cf. Warren v. State, Fla. 1972, 270 So.2d 8.
*101 The admission into evidence of the "mug shots" over objection was error. Even reference to "mug shots" in the prosecution of a defendant has been held to be error. Loftin v. State, Fla. 1973, 273 So.2d 70, and cases cited. Such error was highly prejudicial to appellant in this case. Cf. Loftin, supra; Williams v. State, Fla.App. 1970, 233 So.2d 428; Anderson v. State, Fla.App. 1970, 230 So.2d 704; and Gagnon v. State, Fla.App. 1968, 212 So.2d 337.
Appellant's second point on appeal has been considered and under the facts of this case is found to be without merit.
The judgment appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.
McNULTY and BOARDMAN, JJ., concur.