279 So.2d 290 (1973)
Gerald Edmond BRANTLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 43070.
Supreme Court of Florida.
June 13, 1973.
*291 Timothy A. Curran of Sam E. Murrell & Sons, Orlando, for petitioner.
Robert L. Shevin, Atty. Gen., and William W. Herring, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District (268 So.2d 383), which allegedly conflicts with prior decisions of this Court (McArthur v. Cook, 99 So.2d 565 (Fla. 1957), and Stewart v. State, 51 So.2d 494 (Fla. 1951)), on two points of law. We have considered the cases cited for conflict and have determined that there is apparent conflict between the case sub judice and McArthur v. Cook, supra, and that we have jurisdiction pursuant to Fla. Const., art. V, § 3(b) (3), F.S.A.
Petitioner was convicted of manslaughter by culpable negligence in a death arising out of an automobile collision, with part of the evidence and testimony being presented by an eyewitness who lived near the point of the collision. After a long and involved cross-examination, petitioner's counsel asked whether or not the eyewitness had ever been arrested for speeding. The eyewitness answered in the negative, and an objection to the question was sustained. Petitioner's counsel then asked whether or not the witness had ever been convicted of a crime, and an objection on the grounds of materiality and relevance was sustained.
Refusal of the trial judge to allow a question on former convictions of a crime by the witness for impeachment purposes was error. Fla. Stat. § 90.08 (1969), F.S.A., specifically allows for this procedure, and refusal to allow such a question violated the procedures of the statute and conflicted with the holding of this Court in McArthur v. Cook, supra.
However, there is no basis for this Court to hold that such error has injuriously affected the substantial rights of the defendant. Therefore, such error cannot be the basis of a reversal. Fla. Stat. § 924.33, F.S.A. Nor does it appear that such error has resulted in "a miscarriage of justice." Fla. Stat. § 59.041, F.S.A.
*292 There was no indication that the eyewitness had been convicted of a crime, and no such allegation has been made. The witness had flown in from Bermuda and was due to leave the area immediately following his appearance at the trial. The trial judge had warned defense counsel several times about harassing the witness, and there is no indication that the question which was improperly barred was any more than a continuation of a fishing expedition by defense counsel.
In addition, there is no indication that the eyewitness' testimony was incorrect; in fact, it was amply supported by that of another witness who arrived at the scene moments after the collision and by other evidence presented at the trial.
In the case of McArthur v. Cook, supra, the witness whose prior criminal convictions were sought was an interested party and the only witness able to testify as to certain key factors of the case. In the case sub judice, the testimony of the eyewitness, while relevant and important to the case, was supported by other evidence, and the conviction was also fully supported by other evidence. Also, the challenged witness had no interest in the outcome of the cause. Under the circumstances of the case, the question as to prior convictions should have been allowed, but refusal to allow such a question does not warrant reversal.
We have also considered the other points raised by petitioner and find them to be likewise insufficient to warrant reversal of the conviction.
Accordingly, the decision of the District Court of Appeal, Fourth District, is approved, and the writ is discharged.
It is so ordered.
CARLTON, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.