PER CURIAM.
Defendant seeks reversal of his conviction and five year sentence for grand larceny on the grounds he was denied due process of law as a result of the prosecutor’s comment in closing argument on defendant’s indigency and legal representation by the public defender.
The prosecution’s version of the facts, which the jury chose to believe, is as follows :
Defendant Reaves and a companion entered a Goodyear store. For the purpose of distraction, defendant discussed with the sales manager the possibility of purchasing a refrigerator while his companion slipped a television into an empty box he was carrying. In spite of the distraction, the manager noticed the companion taking the television and called the police. The pair then informed the manager that they did *688 not have enough money to purchase the refrigerator and departed. Several minutes later the defendant, who was carrying the stolen television, was apprehended by the authorities.
Defendant testified to a somewhat different version. He testified that he entered the store to price some kitchen appliances in contemplation of marriage and a new apartment, and that he slightly knew the man who was his alleged companion. He then left the store alone and shortly thereafter the man who perpetrated the theft joined him and asked the defendant to hold the box which he was carrying. He took the box, the man disappeared and the police approached and arrested him.
In his closing argument to the jury, the prosecutor made the following remarks which defendant contends were highly prejudicial thereby depriving him of a fair trial:
“Once upon a time I went into a store to talk about refrigerators and stoves, refrigerators and stoves, major appliances. Ladies and gentlemen, yet the Defendant has a Public Defender. Now that in and of itself cannot be used against him but it must be used to be weighed against the facts that this man is buying major appliances, seriously (R. 285, 286).
5[C # * * ‡ ‡
“If the man cannot afford an attorney how can he say that, ‘I was seriously talking about two major appliances and making a major move into an apartment.’ Ladies and gentlemen, you cannot believe the defendant’s story (R. 286).”
The rule is that the prosecution is permitted to comment upon the essential unbelievability of a defendant’s testimony. Fitzgerald v. State, Fla.App.1969, 227 So.2d 45; Mabery v. State, Fla.App.1974, 303 So.2d 369. We find the prosecutor’s remarks concerning the defendant’s indigen-cy and representation by a public defender fair argument going to the credibility of defendant’s testimony as to what transpired, and it was not fundamental error for the court to have permitted it. Cf. Herzig v. State, Fla.App.1968, 213 So.2d 900.
Further, we note that the prosecutor prefaced his remarks with a cautionary explanation that the mere fact, standing alone, that the defendant was represented by a public defender should not be used against him. Rather, the fact of defendant’s admitted indigency was to be weighed against his testimony that he went to the store to price and possibly buy major kitchen appliances.
Affirmed.