335 So.2d 280 (1976)
Fred FULTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 48090.
Supreme Court of Florida.
July 8, 1976.
*281 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Paul H. Zacks, Asst. Atty. Gen., for respondent.
HATCHETT, Justice.
Petitioner has been convicted of second degree murder and sentenced to life imprisonment. The case is here on petition for writ of certiorari to the District Court of Appeal, Fourth District. The decision under review, affirming the conviction, conflicts with this Court's decision in Jordan v. State, 107 Fla. 333, 144 So. 669 (1932). Our jurisdiction is predicated upon Article V, § 3(b)(3) of the Florida Constitution (1975).
The evidence at trial indicated that petitioner and Louise Fuller lived together some twenty years before separating in 1971. After the separation, petitioner continued to see Ms. Fuller and their eight children. Over petitioner's objection, one M.C. Banks became a regular visitor at the Fuller residence. On January 20, 1974, M.C. Banks was sitting in his car in front of the Fuller house, conversing with Ms. Fuller through an open window, when petitioner drove up. Accounts of ensuing events are conflicting. According to Ms. Fuller, petitioner got out of his car with a gun in one hand and a beer in the other, *282 approached Banks, who was also armed, and said, "You son-of-a-bitch, didn't I tell you not to be caught hanging around here?" Ms. Fuller testified that she grabbed the petitioner and told him to let Banks go, but a gun battle between the two men broke out. Banks later died of gunshot wounds.
Shortly after the shooting, petitioner turned himself in. He claimed that he was unarmed when he first approached Banks' car, that he saw the gun between Banks' legs, and heard Louise Fuller tell him to run. According to petitioner, Banks picked up his gun at this point and fired. Petitioner testified that only then did he crawl back to his own car and get his gun from the glove compartment.
At trial the petitioner relied on self-defense. Ulysses Bartee, Jr., a defense witness, testified that the victim Banks had a violent reputation in the community. On cross-examination, the prosecutor brought out, over objection, that Bartee was charged with second degree murder (an entirely unrelated offense).[1] On appeal, the District Court of Appeal, Fourth District, affirmed, Judge Downey dissenting. Fulton v. State, 318 So.2d 511 (Fla.App. 4th 1975). The majority concluded that allowing the State to cross-examine a defense witness concerning pending criminal charges was, at most, harmless error. We granted petition for writ of certiorari, and dispensed with oral argument.
The great weight of authority is to the effect that evidence of pending charges against a witness is inadmissible for impeachment purposes. See, e.g., United States v. Alvarado, 519 F.2d 1133, 1135 (5th Cir.1975); Truman v. Wainwright, 514 F.2d 150, 152 (5th Cir.1975); United States v. Madden, 482 F.2d 850 (8th Cir.), cert. denied, 414 U.S. 1026, 94 S.Ct. 453, 38 L.Ed.2d 318 (1973); Hudson v. United States, 387 F.2d 331, 332 (5th Cir.1967). ("A witness may not be impeached by showing wrongful conduct or the commission of an offense for which there has been no conviction"); State v. Coxe, 16 N.C. App. 301, 191 S.E.2d 923, 926, cert. denied, 282 N.C. 427, 192 S.E.2d 840 (1972); People v. Smith, 74 Ill. App.2d 458, 221 N.E.2d 68, 71 (1966). Cf. Gaines v. State, 481 S.W.2d 835 (Tex.Cr. App. 1972); Wharton's Criminal Evidence § 444 (13th ed. 1972); Jones, The Law of Evidence, § 25:14 (1972); 3A Wigmore, Evidence § 980a (6th ed. 1972). Contra, People v. Brown, 34 Mich. App. 45, 190 N.W.2d 701, 703 (1971) ("witness may be questioned about prior arrests and convictions for the purpose of testing credibility"). Cf. State v. Torres, 97 Ariz. 364, 400 P.2d 843 (1965). The majority view reflects *283 various considerations. The admission of such evidence might unduly prejudice a jury against the witness; an unproven charge does not logically tend to affect a witness' credibility; and a person is presumed innocent until guilt is legally established. See Annot., 20 A.L.R.2d 1421 (1951). In Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), the Court recognized the basic irrelevance of such evidence:
Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness. Id. at 482, 69 S.Ct. at 222.
This Court in Jordan v. State, 107 Fla. 333, 144 So. 669 (1932) stated the Florida view, as follows:
It is only permitted to interrogate witnesses as to previous convictions, not mere former arrests or accusations, for crime.
107 Fla. at 335, 144 So. at 670 (emphasis added).
Under the principle inclusio unius exclusio alterius, Section 90.08, Florida Statutes,[2] buttresses the conclusion reached in Jordan v. State, supra, because the statute speaks exclusively in terms of "convictions."
The State contends that the issue should be left to the "sound discretion" of the trial court, citing Wallace v. State, 41 Fla. 547, 26 So. 713 (1899) and Dennis v. State, 214 So.2d 661 (Fla.App. 3rd 1968). See also State v. Ralls, 213 Kan. 249, 515 P.2d 1205; State v. Hozer, 19 N.J. 301, 116 A.2d 193, 199 (1955). In Wallace this Court stated:
[C]ross-examination of a witness as to indictments or charges before conviction against him, of criminal offenses, is a matter of discretion in the trial court, not subject to review on writ of error or appeal, unless the discretion is abused. 41 Fla. at 556, 26 So. at 719.
Only a very narrow discretion was contemplated by the Wallace Court, however. The Court went on to say:
Inquiry into collateral matters should not be permitted, unless there is reason to believe it may tend to promote the ends of justice, and it seems essential to the true estimation of the witness' testimony by the jury."

Id. at 576, 26 So. at 722. (emphasis supplied).
The Wallace case indicates that the ban against interrogation of a witness as to pending charges is the general rule, although not an absolute one; it does not confer authority on the trial court to disregard the ban at will.
The prohibition against evidence as to charges pending against a witness does not apply, for example, where the pending charges arise out of the same episode giving rise to the charges on which the defendant is being tried. See, e.g., Herzig v. State, 213 So.2d 900 (Fla.App. 4th 1968). When a prosecution witness is under criminal charges at the time he testifies, the defense is entitled to bring this fact out.
[I]t is clear that if a witness for the State were presently or recently under actual or threatened criminal charges or *284 investigation leading to such criminal charges, a person against whom such witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination ... Morrell v. State, 297 So.2d 579, 580 (Fla. App. 2nd 1974).
See also Lee v. State, 318 So.2d 431 (Fla. App. 4th 1975). Similarly the Court in Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), stated:
Even if the witness were charged with some other offense by the prosecuting authorities, petitioner was entitled to show by cross examination that [the witness'] testimony was affected by fear or favor growing out of his detention. Id. at 693, 51 S.Ct. at 220.
In Moore v. State, 308 So.2d 563 (Fla.App. 2nd 1975), the court permitted the State to question defense witnesses regarding their presence in jail in order to identify the place and time where the witnesses learned of the facts of which they were testifying. See Alford, supra.
In the present case, the State apparently offered evidence of the charges pending against the witness in an effort to show general bias. A defense witness' supposed bias, attributable to charges concerning a totally distinct offense, is not a proper subject for impeachment. Cf. Williams v. State, 110 So.2d 654 (Fla. 1959); Watson v. Campbell, 55 So.2d 540, 541 (Fla. 1951) ("evidence of another and distinct crime committed by defendant, in no way connected by circumstances with the one for which he is being tried, is inadmissible"); Whitehead v. State, 279 So.2d 99, 100 (Fla.App. 2nd 1973). The probative value of such inquiry is outweighed by the likelihood of prejudice to the accused. The trial court erred in overruling defense objections to testimony concerning a defense witness' pending criminal charges, since there was no substantial connection between the pending charges and the charges for which the defendant was on trial.
It is also established that "evidence of particular acts of misconduct cannot be introduced to impeach the credibility of a witness." Watson v. Campbell, 55 So.2d at 541. See also Nelson v. State, 99 Fla. 1032, 128 So. 1 (1930); Squires v. State, 42 Fla. 251, 27 So. 864 (1900); Roberson v. State, 40 Fla. 509, 24 So. 474 (1898); Williams v. State, 324 So.2d 672 (Fla.App. 4th 1975). When there has been a prior conviction, only the fact of the conviction can be brought out, unless the witness denies the conviction. See McArthur v. Cook, 99 So.2d 565 (Fla. 1957); Mead v. State, 86 So.2d 773 (Fla. 1956). If the witness denies ever having been convicted, or misstates the number of previous convictions, counsel may impeach the witness by producing a record of past convictions.[3] Even if a witness denies a prior conviction, the specific offense is identified only incidentally when the record of the conviction is entered into evidence. Irvin v. State, 324 So.2d 684, 686 n. 1 (Fla.App. 4th 1976); Lockwood v. State, 107 So.2d 770, 773 (Fla.App. 2nd 1958) ("The proof of a prior conviction under Section 90.08, supra, is limited to the record of such conviction. Any description of the crime involved, not shown by such record, is improper.") See also Mead v. State, 86 So.2d 773, 774 (Fla. 1956). If the witness admits the conviction, "the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted." McArthur v. Cook, 99 So.2d at 567.
In the present case the witness did not deny the existence of pending charges, but the prosecutor nevertheless specifically referred, within the jury's hearing, to the *285 charge of second degree murder, then pending against the witness. No record of the charges pending against the witness was ever produced or admitted into evidence. Reference to the specific charge pending against the witness was clearly improper and the trial court's overruling of defense objection was error.
We reject the State's contention that the error was harmless, inasmuch as Bartee's testimony went to the heart of petitioner's claim of self-defense. Banks' reputation for violence, to which Bartee testified, tended to corroborate petitioner's version of events, viz., that Banks fired first and that the fatal shots were only fired by the petitioner to save his own life. Cf. Williams v. State, 324 So.2d 672 (Fla. App. 4th 1975) (cross-examination as to "various specific arrests and criminal charges" constituted harmful error). There is also the possibility of a "spill-over" effect. The jury's perception of the defendant might have been colored by the knowledge of a friend's involvement in a collateral matter. The danger of "guilt by association" is a real one, which ought to be minimimized whenever possible. The fact that the defendant and the witness were each charged with second degree murder, although the crimes were unrelated, enhances the danger of a possible "spill-over" effect. Cf. Williams v. State, 110 So.2d 654 (Fla. 1959).
This court in McArthur v. Cook, 99 So.2d 565 (Fla. 1957), in reversing the defendant's conviction stated:
[If the witness] had been sufficiently discredited .. . in the minds of the jurors, the ultimate result of the case could have been entirely different. We do not say that it would or should have been different; we merely hold that if the correct rule of evidence had been applied, it could have been.

Id. at 568 (emphasis added).
Here, too, the verdict might reasonably have been affected by the improper discrediting of a defense witness' testimony. We adopt the view expressed by Judge Downey in his dissent in the present case:
While of course it is possible that the improper testimony adduced to impeach the witness in question was harmless, I am unable to reach that conclusion with sufficient certitude to let stand a conviction of the highest charge contained in the information and a sentence of life imprisonment. Cf. Pitts v. State, Fla. App. 1975, 315 So.2d 531 (Second District). We really cannot say that had this testimony not been adduced the jury would not have found appellant guilty of one of the lesser included offenses... .

Fulton v. State, 318 So.2d 511, 513 (Fla. App. 4th 1975).
Accordingly the decision below is quashed with directions for a new trial.
OVERTON, C.J., and ROBERTS, ADKINS and BOYD, JJ., concur.
NOTES
[1] Isn't it a fact that you have been charged by the State of Florida 
MR. RODERMAN: I object, your Honor. That is totally irrelevant. I move and ask that the jury be taken out.
THE COURT: Overruled. I think it goes to the credibility. Your motion is denied to have the jury removed. You may answer the question, sir.
THE WITNESS: Yes.
Q. (By Mr. Garrett) What charge are you charged with by the State of Florida?
MR. RODERMAN: I object again, your Honor. I believe it's outside the scope of direct examination.
It's irrelevant and immaterial, and it doesn't go to his testimony whatsoever.
THE COURT: I think it may go to the credibility of the witness. Overruled.
THE WITNESS: Do you want me to answer the question?
Q. (By Mr. Garrett) Yes. What charge are you charged with?
A. I have been charged so many times, so many different things about this case. I don't know what they have got me charged with now.
Q. Let me refresh your recollection. Weren't you, in fact, scheduled for trial today on a charge of murder in the second degree?
A. Yes.
Q. Now, you have professed your innocence in that; is that correct?
A. Yes, sir.
Q. Now, you are telling us that you have no prejudice against law officials, or the State of Florida, at this point when you are testifying, even though you assume that they are falsely charging you?
A. Yes, I have none whatsoever. (T. 260-262).
[2] In relevant part, § 90.08, Fla. Stat. (1975) provides:

Evidence of such convictions, including the fact that the prior conviction was for the crime of perjury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility.
[3] In Irvin v. State, 324 So.2d 684 (Fla.App. 4th 1976), the failure to produce such a record and enter it into evidence resulted in reversal of the conviction. The District Court concluded that the defendant was "improperly and harmfully prejudiced," Id. at 687.