ALDERMAN, Judge.
Appellant, the defendant below, appeals his conviction on two counts of grand larceny by fraudulent representation, in violation of Section 811.021(l)(a), Florida Statutes (1973).
Appellant first contends that the State’s evidence failed to establish that he made .any fraudulent representations as to past or existing facts and therefore the trial court erred in refusing to grant his motions for judgment of acquittal. From our examination of the record on appeal we conclude that the State presented sufficient evidence to establish a prima facie case. The trial court properly denied appellant’s motions for judgment of acquittal.
Appellant’s second point has merit. Reversible error was committed by the prosecuting attorney during his cross-examination of the defendant when he asked questions with regard to criminal accusations against the defendant which had no substantial connection with the charges for which the defendant was on trial. We refer specifically to the following:
“Q. Isn’t it a fact, Mr. Ragusa, that you were a middle man in a conspiracy to commit bribery and you are now a State’s witness in that case?” (Trial Transcript, p. 317.)
“Q. That thousand and seventy dollars that you were talking to Rose about, that was to fix a cosmetology exam, wasn’t it?” (Trial Transcript, p. 324.)
Appellant had previously testified on cross-examination, “. . . I’m not in the habit of breaking the law.” The trial judge overruled defense counsel’s objections to the questions on the basis that this statement by appellant opened the door and allowed cross-examination concerning other criminal accusations because it went to appellant’s credibility as a witness. We respectfully disagree. Appellant was not asked if he had ever been convicted of a crime, which would have been a proper question. McArthur v. Cook, 99 So.2d 565 (Fla.1957); Goodman v. State, 336 So.2d 1264 (Fla. 4th DCA, Filed September 3, 1976). An accusation of criminal conduct was made and appellant called upon to either admit or deny the accusation. In our opinion this was not proper impeachment. The verdicts might reasonably have been affected by this improper discrediting of the appellant’s testimony. Therefore we cannot say that the error was harmless. Fulton v. State, 335 So.2d 280 (Fla.1976).
REVERSED AND REMANDED for a new trial.
DOWNEY, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.