ANSTEAD, Judge,
dissenting:
Although the evidence against the appellant, including her own testimony, was heavily balanced against her, I simply cannot conclude that the trial court’s error was harmless beyond a reasonable doubt.
The appellant’s only defense was that of entrapment, instructions on which were given to the jury. Under her theory she was entrapped by an agent of the police into delivering a quantity of quaalude tablets which had been left by accident at her home by a former occupant. The police agent, the chief prosecution witness at trial, was the boyfriend of appellant’s daughter and had sold a portion of the tablets in an earlier transaction. When the boyfriend was arrested he agreed to cooperate with the police to secure appellant’s arrest. At the request of the police the boyfriend called appellant and induced her to deliver to him more quaaludes. When she arrived and delivered the quaaludes to the boyfriend’s “associate” she was arrested and charged with the offense for which she now stands sentenced to the minimum mandatory term the boyfriend would have been subject to but for his cooperation.
At trial, over appellant’s objection the trial court granted the state’s request to *319 instruct the jurors that they should not consider the fact that the boyfriend had received lenient treatment in determining the guilt or innocence of the appellant. I think this instruction was patently erroneous and in fact contrary to Section 2.04 of the Florida Standard Jury Instructions in Criminal Cases, Second Edition (1981) which provides that the jury should consider any preferred treatment received by a witness in determining his credibility. The instruction also conflicts with Section 2.04(b) which provides that the testimony of an accomplice should be received with great caution. While of course it is possible that the error was harmless, I cannot conclude with certitude that the jurors, who also were advised that appellant would be subject to a mandatory minimum sentence if convicted of the highest offense charged, may not have found appellant guilty of some lesser offense such as possession, if not told to ignore the fact that the chief prosecution witness had received lenient treatment by the state. Fulton v. State, 335 So.2d 280, 285 (Fla.1976).