OTT, Chief Judge.
Huey Glenn Helms appeals his conviction and sentence for trafficking in cannabis. We hold that the trial court erred in allowing the prosecutor to continue questioning appellant about prior criminal convictions, and we therefore reverse.
At trial, appellant testified on his own behalf. On cross-examination, the prosecutor asked:
Q. Mr. Helms, have you ever been convicted of a crime, a felony in the State of Florida?
A. Yes, sir. I’ve been convicted of a crime.
Q. How many times?
A. All speeding tickets and log books and things like that?
Q. No. Felonies,
A. None legally.
Q. What do you mean none legally?
A. There was one time, but I pled...
Defense counsel asked for a bench conference, objected, and moved for a mistrial. At the bench conference it was pointed out that a previous conviction for arson had been set aside and a new trial ordered. The trial court denied the motion for mistrial, overruled the objection, and allowed the prosecutor to continue the line of questioning over a continuing objection by appellant’s counsel. In closing argument, the prosecuting attorney argued that the appellant had falsely denied any prior conviction, \yas forced to admit he had been convicted of a felony, was untruthful and unbelievable.
In Leonard v. State, 386 So.2d 51 (Fla. 2d DCA 1980), this court reaffirmed the long-standing rule in Florida concerning inquiry into a defendant’s prior convictions:
The rule in Florida has long been established that a defendant who testifies on his own behalf may be asked on cross-examination whether he has ever been convicted of a crime and, if so, how many times. Unless the defendant answers untruthfully, the prosecution’s inquiry along this line must stop. Fulton v. State, 335 So.2d 280 (Fla.1976); McArthur v. Cook, 99 So.2d 565 (Fla.1957); Mead v. State, 86 So.2d 773 (Fla.1956); Whitehead v. State, 279 So.2d 99 (Fla. 2d DCA 1973).
386 So.2d at 52. Evidence of pending charges against a witness is inadmissible for impeachment purposes. Fulton v. State, 335 So.2d 280 (Fla.1976). The prosecutor’s inquiry should have ended when the defendant truthfully answered he had no legal felony conviction.
We find no merit in the remaining points raised by appellant.
Accordingly, the judgment and sentence appealed are REVERSED and the cause REMANDED for new trial.
GRIMES and SCHOONOVER, JJ., concur.