FARMER, Judge.
The primary issue on this appeal is whether the trial judge erred in admitting evidence of pending criminal charges against a key defense witness. We agree with defendant that under the circumstances of this case it was error to allow this line of cross-examination and reverse.
Defendant was charged and convicted of possession of cocaine. She was driving in a neighborhood the police suspected of drug activity, when she was stopped for having an anomolous license tag. As she got out of her vehicle, an officer seized a cocaine rock from the passenger side floorboard. She was arrested and charged with possession of cocaine and driving on a suspended license. This latter charge does not concern us today. The passenger was not charged as a result of the events.
It appears, however, that the passenger did have his own problems. Pending at the time of trial in this case were unrelated felony charges against him having nothing to do with the events in this case. Moreover these unrelated charges did not even involve the same police officers. The passenger had also been convicted, however, of four previous felonies. He was, nonetheless, called to testify as a defense witness at trial. He testified that defendant did not drop anything as she alighted from her vehicle, but that he did see one of the officers place the cocaine rock on the floorboard after the driver exited.
During direct examination, defense counsel had established that the witness had been convicted of four felonies in his life. On cross-examination, the prosecutor asked the witness, “[y]ou don’t particularly care for the Hollywood Police Department, do you?” The witness responded, “I would say, not particularly.” The prosecutor then started to ask a question seeking to elicit the fact that the witness was involved in pending charges, when defense counsel objected. After a bench colloquy, the trial judge overruled the objection. The prosecutor then proceeded to elicit testimony about unrelated pending felony charges against the witness. The jury convicted defendant of both charges.
On appeal, defendant argues that the admission of this cross-examination testimony was categorically harmful error. In Fulton v. State, 335. So.2d 280 (Fla.1976), a trial judge permitted a prosecutor to cross-examine a defense witness in a first-degree murder prosecution as to a pending, unrelated charge of second-degree murder. We affirmed the conviction on the theory that the pending prosecution was relevant to show bias and prejudice on the part of the defense witness. In reversing the conviction, the supreme court said:
“The great weight of authority is to the effect that evidence of pending charges against a witness is inadmissible for impeachment purposes. See, e.g., United States v. Alvarado, 519 F.2d 1133, 1135 (5th Cir.1975); Truman v. Wainwright, 514 F.2d 150, 152 (5th Cir.1975); United States v. Madden, 482 F.2d 850 (8th Cir.), cert. denied, 414 U.S. 1026, 94 S.Ct. 453, 38 L.Ed.2d 318 (1973); Hudson v. United States, 387 F.2d 331, 332 (5th Cir.1967). *1054 (‘A witness may not be impeached by showing wrongful conduct or the commission of an offense for which there has been no conviction’); State v. Coxe, 16 N.C.App. 301, 191 S.E.2d 923, 926, Cert. denied, 282 N.C. 427, 192 S.E.2d 840 (1972); People v. Smith, 74 Ill.App.2d 458, 221 N.E.2d 68, 71 (1966). Cf. Gaines v. State, 481 S.W.2d 835 (Tex.Cr.App.1972); Wharton’s Criminal Evidence s 444 (13th ed. 1972); Jones, The Law of Evidence, § 25:14 (1972); 3A Wigmore, Evidence § 980a (6th ed. 1972). Contra, People v. Brown, 34 Mich.App. 45, 190 N.W.2d 701, 703 (1971) (‘witness may be questioned about prior arrests and convictions for the purpose of testing credibility’). Cf. State v. Torres, 97 Ariz. 364, 400 P.2d 843 (1965). The majority view reflects various considerations. The admission of such evidence might unduly prejudice a jury against the witness; an unproven charge does not logically tend to affect a witness’ credibility; and a person is presumed innocent until guilt is legally established. See Annot., 20 A.L.R.2d 1421 (1951). In Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), the Court recognized the basic irrelevance of such evidence:
Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness. Id. at 482, 69 S.Ct. at 222.
This Court in Jordan v. State, 107 Fla. 333, 144 So. 669 (1932) stated the Florida view, as follows:
It is only permitted to interrogate witnesses as to previous convictions, not mere former arrests or accusations, for crime.
107 Fla. at 335, 144 So. at 670 (emphasis added). Under the principle inclusio uni-us exclusio alterius, Section 90.08, Florida Statutes, buttresses the conclusion reached in Jordan v. State, supra, because the statute speaks exclusively in terms of ‘convictions.’ ”
335 So.2d at 282-283. The court expressly rejected the notion that the admission of this kind of evidence should be left to the sound discretion of the trial judge. 335 So.2d at 283.
In addressing the contention that pending charges against a defense witness are relevant to show general bias, the court stated:
“A defense witness’ supposed bias, attributable to charges concerning a totally distinct offense, is not a proper subject for impeachment. Cf. Williams v. State, 110 So.2d 654 (Fla.1959); Watson v. Campbell, 55 So.2d 540, 541 (Fla.1951) (‘evidence of another and distinct crime committed by defendant, in no way connected by circumstances with the one for which he is being tried, is inadmissible’); Whitehead v. State, 279 So.2d 99, 100 (Fla.App. 2nd 1973). The probative value of such inquiry is outweighed by the likelihood of prejudice to the accused. The trial court erred in overruling defense objections to testimony concerning a defense witness’ pending criminal charges, since there was no substantial connection between the pending charges and the charges for which the defendant was on trial.
“It is also established that ‘evidence of particular acts of misconduct cannot be introduced to impeach the credibility of a witness.’ Watson v. Campbell, 55 So.2d at 541. See also Nelson v. State, 99 Fla. 1032, 128 So. 1 (1930); Squires v. State, 42 Fla. 251, 27 So. 864 (1900); Roberson v. State, 40 Fla. 509, 24 So. 474 (1898); Williams v. State, 324 So.2d 672 (Fla.App. 4th 1975). When there has been a prior conviction, only the fact of the conviction can be brought out, unless the witness denies the conviction. See McArthur v. Cook, 99 So.2d 565 (Fla.1957); Mead v. State, 86 So.2d 773 (Fla.1956). If the witness denies ever having been convicted, or misstates the number of previous convictions, counsel may impeach the witness by producing a record of past convictions. Even if a witness denies a prior conviction, the specific offense is identified only incidentally when the record of the conviction is entered into evidence. Irvin v. State, 324 So.2d 684, 686 n. 1 (Fla.App. 4th 1976); *1055 Lockwood v. State, 107 So.2d 770, 773 (Fla. App. 2nd 1958) (‘The proof of a prior conviction under Section 90.08, Supra, is limited to the record of such conviction. Any description of the crime involved, not shown by such record, is improper.’). See also Mead v. State, 86 So.2d 773, 774 (Fla. 1956). If the witness admits the conviction, ‘the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted.’ McArthur v. Cook, 99 So.2d at 567.”
335 So.2d at 284. We are unable to distinguish this case from Fulton.
The evidence in this case was not all one-sided. Essentially, it came down to the testimony of the police officers on the scene, one of whom was called by the defense, against the testimony of the passenger. We cannot, therefore, describe this error harmless. For all of the reasons stated in Fulton, we are obligated to reverse the conviction for possession and remand for a new trial.
GUNTHER, C.J., and POLEN, J., concur.