SHAHOOD, J.
Appellant was found guilty by a jury of DUI manslaughter/leaving the scene of an accident. We reverse the conviction and remand for a new trial because it was error to introduce evidence of appellant’s prior DUI conviction.
In addition to other witnesses who testified at the trial, appellant testified on his own behalf. He acknowledged having three prior felony convictions, including one crime involving truth or dishonesty. He also told the jury that he “want[ed] to be honest with everybody,” and said' that at the time of the incident he' had a suspended license. Although he had initially confessed to driving the car which hit the victim, at trial appellant recanted the confession claiming to have been coerced, scared, and tired when he gave the statement to the police.
After appellant’s testimony, over defense objection, the state was allowed to ask, “[ijsn’t it.true your license was under a suspension for a driving while impaired offense.” In allowing the question, the court ruled that appellant had opened the door by saying his license was under suspension. The trial court abused its discretion in allowing such testimony. See generally Heath v. State, 648 So.2d 660, 664 (Fla.1994) (rulings on admissibility of evidence are within the discretion of the trial court and will not be disturbed absent an abuse of that discretion).
The general rule concerning pri- or convictions is that if the witness denies the conviction, the opposing party may then produce only the record of the conviction. Mosley v. State, 739 So.2d 672, 676 (Fla. 4th DCA 1999). No further inquiry is allowed, and the crime may not be named. Id.; see also Fulton v. State, 335 So.2d 280 (Fla.1976) (even where the witness denies the conviction, the specific offense is identified only incidentally when the record of the conviction is offered into evidence). If, however, the witness whose credibility is being attacked answers untruthfully and attempts to mislead the jury about his prior convictions, the state will then be allowed to further question the witness concerning the convictions in order to negate any false impression given. See Fotopoulos v. State, 608 So.2d 784 (Fla.1992).
In this case, appellant was honest in testifying about the number of prior convictions he had as well as about the fact that his license was suspended at the time of the accident. Contrary to the state’s arguments on appeal, appellant did not tell the jury that he “never” would drive drunk or with a suspended license, and he did not use the suspended license as a defense that he was not the one driving at the time of the accident. Therefore, he did not open the door to disclosure that his prior conviction was for driving under the influence. . Cf. Bozeman v. State, 698 So.2d 629 (Fla. 4th DCA 1997). Appellant’s testimony, instead, was that he initially admitted to driving the car and striking the victim *1037 because he was scared that if he told them that someone else was driving, the police would not believe him because of his past history and suspended license. Under these circumstances, it was improper to allow the state to inquire further into the specifics of why appellant’s license was suspended. Because we cannot say that the error did not affect the verdict, appellant’s conviction must be reversed. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
REVERSED AND REMANDED
WARNER, C.J., and GROSS, J., concur.