WARNER, C.J.
During his trial for delivery of cocaine, appellant objected when the state, in cross-examining a defense witness, asked about pending charges against him. The trial court overruled the objection, which appellant contends is reversible error. We hold that the cross-examination into pending charges against a defense witness was harmful error, requiring reversal of appellant’s conviction.
Appellant was arrested for selling cocaine to an undercover officer at a park pavilion. At the time, several individuals other than appellant were present at the pavilion, including O’Hara Jenkins. At trial, the state called the undercover officer who conducted the transaction and his partner who was in a vehicle close to the pavilion but unable to observe the sale. Defendant called Jenkins as a witness, who said that he and appellant were playing cards and watching television in the pavilion. When the state cross-examined him, the prosecutor asked “as we sit here today, you have your own problems with cases and cocaine or drugs, is that correct?” Appellant’s attorney objected, contending that this was improper impeachment, but the trial court overruled the objection. The witness responded that he was going through a case “just like this one.”
This case is controlled by Fulton v. State, 335 So.2d 280, 282 (Fla.1976), in which the supreme court held, in accordance with the greater weight of authority, that cross-examination of a defense witness with evidence of pending charges is improper impeachment. Athough there are some exceptions to this rule, such as where the pending charges arise out of the same criminal act with which the defen *1217 dant is charged, such cross-examination is not permitted simply to show general bias. See id. at 288-84. See also Stevens v. State, 693 So.2d 1052 (Fla. 4th DCA 1997).
In its argument, the state contends that the statement was admissible to show bias, which we reject based on Fulton, and that the defense opened the door to such evidence. However, asking on direct whether Jenkins would come and testify falsely because appellant was a friend of his is not related to Jenkins’ “problems” with drugs or cases involving drugs. We reject the state’s contention.
The error was not harmless. The defense at trial was misidentification. Jenkins testified that the police first arrested him and later released him, thus providing support for the claim that the officers’ identification of appellant could have been mistaken. In addition, the pre-marked money allegedly transferred to appellant during the transaction was never found on appellant’s person, despite the fact that the police moved in to make an arrest only moments after the transaction occurred. Attacking Jenkins for unrelated pending charges may have reduced his credibility in the eyes of the jury in a trial in which credibility was all important. For the foregoing reasons, we reverse and remand for a new trial.
HAZOURI, J., and BARKDULL, THOMAS H., Associate Judge, concur.