COBB, J.
The defendant/appellant in this appeal, Timothy Bratcher, was charged and convicted of the sale and possession of cocaine.
The state’s sentencing report summarized Bratcher’s known criminal activity indicating eight or more felonies in the span of less than nine years as well as five prior misdemeanor convictions. The trial court found that Bratcher qualified as a habitual felony offender based on the statutory criteria of section 775.0784(l)(a), Florida Statutes (1997). As to Count I, sale of cocaine, Bratcher was sentenced to 25 years incarceration with 208 days credit for time served. As to Count II, possession of cocaine, Bratcher was given 16 months with 208 days credit concurrent to the sentence in Count I.
On appeal, Bratcher initially contends that the trial court erred in allowing the state, over objection, to ask a defense witness whether he was under federal indictment for trafficking in cocaine in an unrelated case. While the witness pled the Fifth Amendment and did not answer the question, it is clear that a defense witness may not be questioned on pending charges unrelated to the case being tried. Fulton v. State, 335 So.2d 280 (Fla.1976); Stevens v. State, 693 So.2d 1052 (Fla. 4th DCA1997).
In addition, during the trial the state asked another defense witness whether he used cocaine. At first the witness stated that it was none of the state’s concern but then was instructed to answer the question. The witness then answered “no.” The arresting officer was then called to rebut the defense witness in an apparent attempt to demonstrate that the defense witness did not have a good memory of what happened. The arresting officer testified that he discovered a crack pipe on the defense witness. An objection was made to this testimony since it was irrelevant to prove that the defense wit *114 ness had been using drugs at the time of the transaction. This objection was overruled, however.
We find that the trial court erred in considering and allowing this evidence since it was not direct evidence of the defense witness’ use of cocaine on the day of the incident and does not indicate that the defense witness’ mind was impaired because of drug use. Green v. State, 688 So.2d 301, 305 (Fla.1996); Edwards v. State, 548 So.2d 656, 658 (Fla.1989). See also Johnson v. State, 565 So.2d 879, 880 (Fla. 5th DCA 1990); Richardson v. State, 561 So.2d 18 (Fla. 5th DCA 1990).
Finally, Bratcher contends that the lower court habitualized him because of its belief that Bratcher had lied on the stand and the habitual offender sentence was the result of this perjury. Indeed, the trial court expressly indicated that Bratcher was being punished for lying under oath. Florida law holds that a defendant’s perjury committed while under oath during trial is not a proper sentencing factor. City of Daytona Beach v. Del Percio, 476 So.2d 197, 205 (Fla.1985).
Accordingly, the judgment and sentence are reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
GOSHORN and GRIFFIN, JJ., concur.