943 So.2d 938 (2006)
Gregory CAMERON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3566.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
*939 Gregory Cameron, Belle Glade, pro se.
No appearance required for appellee.
WARNER, J.
We affirm the order summarily denying appellant's motion for Rule 3.850 postconviction relief. We write to address his claim that his habitual offender sentence was improperly imposed through the use of hearsay evidence.
Appellant claims that the court erred in using hearsay evidence in the form of a letter and affidavit under seal from the Parole Commission to prove his prison release date for purposes of habitual offender sentencing. This claim is procedurally barred, because appellant's counsel actually objected to this at trial, and therefore the issue could have been raised on appeal. Nevertheless, we have recently determined that similar documents are admissible under the public records exception to the hearsay rule. See Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006). Thus, the claim has no merit.
Further, appellant claims that using these documents violates his right to confront witnesses against him under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). However, the Sixth Amendment right of a defendant to confront the witnesses against him or her is part of the right to a trial by jury when determining guilt and does not apply at the sentencing stage. See United States v. Rodriguez, 897 F.2d 1324 (5th Cir.1990) (holding that a defendant's confrontation rights at sentencing hearing are severely restricted, and the court may rely upon uncontradicted hearsay testimony and even on an out-of-court statement by an unidentified informant); see also Williams v. Clarke, 823 F.Supp. 1486 (D.Neb.1993), aff'd, 40 F.3d 1529 (8th Cir. 1994) (holding that the right to confront and cross-examine witnesses does not apply to sentencing proceedings; at most, due process clause requires only that defendant have access to presentence report and opportunity to rebut, by explanation or denial, any inaccurate information in report).
The remaining claims of ineffective assistance of counsel are either refuted by *940 the record or insufficient in that appellant has failed to show how he was prejudiced by counsel's conduct.
Affirmed.
GUNTHER and GROSS, JJ., concur.