964 So.2d 806 (2007)
Bobby BYRD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2341.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Neil M. Nameroff of Neil M. Nameroff, P.A., Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Convicted of felony driving while license suspended as a habitual offender, defendant complains on appeal that, among other things, the stop of his vehicle was improper. We disagree and affirm.
A 24-year veteran with the Florida Highway Patrol was on patrol in Martin County late at night. Owing to a hurricane, the roads were desolate, drivers few. At a turnpike overpass, she heard another vehicle approaching. Looking in her rear view mirror, she saw what proved to be defendant's vehicle and, applying her training and experience, estimated his speed in the range of 60-65 mph in a 50 mph zone. The car braked hard when the officer's vehicle came into view. Thinking the driver might be under the influence, she decided to follow the vehicle and then made a stop. As she approached the car, her suspicion of impairment was dispelled. She asked for a driver's license to make a routine check. Defendant told her his license was suspended, which she immediately verified by computer check. She cited him for driving while license suspended. Later he was charged with the crime for which he was later convicted.
Defendant argues on appeal, as he did below, that the officer had no cause to stop his vehicle, and thus any statements made after the stop should be suppressed. He voices skepticism about the officer's testimony that through her rear-view mirror she could estimate his speed on a desolate road at night, without the ability to compare it with other vehicles, and at the top of a hill where he immediately decelerated. He also argues that his driving gave no indication of intoxication.
The trial court believed the officer's testimony as to her reasons for suspecting him of speeding. The finding was supported by competent, substantial evidence. We cannot reweigh the evidence as to the officer's basis for believing that defendant was speeding. See State v. Glatzmayer, 789 So.2d 297, 301 (Fla.2001) ("Appellate *807 courts cannot use their review powers in such cases as a mechanism for reevaluating conflicting testimony and exerting covert control over the factual findings. As with all trial court rulings, a suppression ruling comes to the reviewing court clad in a presumption of correctness as to all fact-based issues, and the proper standard of review depends on the nature of the ruling in each case.").
In applying her training and long experience, the officer is free to draw conclusions from what she has seen, so long as they are not patently unreasonable. Here they are not. The trial court having found that her conclusion was not unreasonable under the circumstances, the law is clear that the officer's stop was legal. State v. Kindle, 782 So.2d 971, 973 (Fla. 5th DCA 2001).
Finding no merit in any other issue raised, the conviction is hereby
Affirmed.
GUNTHER and HOROWITZ, ALFRED J., Associate Judge, concur.