On Motion for Rehearing
 

 WARNER, J.
 

 We grant appellant’s motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
 

 Appellant, Ricky Young, appeals his convictions for robbery with a firearm or other deadly weapon, and other charges, arguing that the court erred in denying his motion to suppress evidence, because the officer who initiated the vehicular stop which preceded the search did not have probable cause. There was, however, evidence of speeding as well as a reasonable suspicion that the occupants of the vehicle had committed a crime. He also claims that the court improperly admitted a test that a detective made to determine the operability of a firearm. We conclude that the test was relevant and admissible. Finally, he challenges his sentence, claiming that the trial court relied on improper factors. We reject this claim as well, as he did not object to their consideration at sentencing, and the issue is not cognizable under Rule 3.800(b)(2). While appellant claims that we should consider this a fundamental error, we disagree, concluding that no error in the sentencing process occurred. We thus affirm on all issues.
 

 Young and two others robbed an employee of a Domino’s restaurant. The employee was waiting by his vehicle outside the restaurant after it closed. The assailants hit him with a gun, causing significant injury, took his money and the food he was eating, rummaged through his vehicle, and fled in their own car. The police arrived shortly after the incident and broadcast in a BOLO the employee’s description of his assailants. Another deputy on road patrol at a location close to the Domino’s restaurant heard the BOLO and observed a vehicle driving at a high rate of speed heading out of town on a rural road. The deputy initiated a stop. The description in the BOLO of the assailants matched the persons in the vehicle. A search revealed the exact amount of money taken from the victim, a cell phone, a BB gun, and a Domino’s box. The victim identified Young as one of his assailants.
 

 The state charged Young with robbery with a firearm, aggravated assault with a weapon, and burglary of a conveyance. He was tried with his co-defendant and the
 
 *153
 
 jury convicted Young of all charges. The court sentenced Young to life in prison for the robbery and lesser sentences for the other crimes.
 

 Young contends that the trial court erred in admitting evidence seized after a stop of his vehicle without probable cause. We agree with the trial court that Young’s speeding justified the stop.
 
 See Hurd v. State,
 
 958 So.2d 600, 602 (Fla. 4th DCA 2007) (citing
 
 Whren v. United States,
 
 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)) (“Under search and seizure law, the stopping of a motorist is reasonable where a police officer has probable cause to believe a traffic violation has occurred.”). The officer’s trained observation of Young speeding sufficed to provide probable cause for the stop.
 
 See State v. Allen,
 
 978 So.2d 254, 255 (Fla. 2d DCA 2008) (explaining that “police may stop a vehicle for a speeding violation based on the officer’s visual or aural perceptions and that verification of actual speed by the use of radar equipment or clocking is not necessary to justify the stop”);
 
 see also Byrd v. State,
 
 964 So.2d 806, 806 (Fla. 4th DCA 2007).
 

 We also agree with the trial court that the officer initiating the stop had a reasonable suspicion that Young had just committed a crime based upon the factors set forth in
 
 Jean v. State,
 
 987 So.2d 196, 198 (Fla. 4th DCA 2008) (citing
 
 Rodriguez v. State,
 
 948 So.2d 912, 914 (Fla. 4th DCA 2007)). In
 
 Jean
 
 we said: “In determining the legality of a stop as a consequence of a BOLO, this court has looked to factors such as the length of time and distance from the offense, specificity of the description of the alleged perpetrator(s), the source of the BOLO information, the time of day, absence of other persons in the vicinity of the sighting, suspicious conduct, and any other activity consistent with guilt.”
 

 Consistent with these factors, minutes after learning from dispatch that a robbery occurred at Domino’s Pizza, the road deputy relatively close to the pizza restaurant observed a car speed past him on a rural highway, traveling in the opposite direction of the scene of the crime. By following the car with his bright lights on, the deputy observed that the car’s occupants matched the BOLO description that he had just received of the assailants. The occupants acted suspiciously in that they kept looking back at the deputy’s car, and the driver repeatedly changed lanes. Based on this evidence, the officer possessed reasonable suspicion to stop the car and determine whether the men inside had been involved in the robbery. The court did not err in denying the motion to suppress.
 

 In his second point, Young contends that the court erred in admitting the results of a detective’s test firing of the BB gun found in Young’s vehicle to prove its operability. Because the state did not charge Young with firing a weapon, he claims that the admission of such tests was irrelevant and prejudicial. Young’s argument is flawed because the detective’s experiment was not meant to recreate Young’s firing of the weapon during the crime but to establish whether the weapon was operational, and by extension, deadly.
 

 The state charged Young with robbery with a deadly weapon, aggravated battery with a deadly weapon, and burglary of a conveyance while armed with explosives or a dangerous weapon, to wit: a BB gun. At the outset of trial, Young admitted to committing robbery and battery but expressly disputed that the BB gun constituted a deadly weapon. Whether a BB gun is a deadly weapon is a question for the jury to decide.
 
 See Dale v. State,
 
 703 So.2d 1045, 1047 (Fla.1997). In order to
 
 *154
 
 prove the charged crime, the state needed to prove that Young carried a firearm or other deadly weapon. Proof that the BB gun was operational was relevant to proving that it was a deadly weapon. The assailants used the gun as a club to strike the victim and pointed it at his head. The test firings constituted evidence relevant for the jury’s consideration of the deadliness of the weapon.
 

 Finally, Young challenges his sentence, arguing that the court considered improper factors in its determination. Specifically, he claims that the court relied on the statement of a deceased co-defendant which was not presented at trial in determining the level of Young’s involvement in the crime. He did not object at the sentencing hearing to the trial court’s references to the co-defendant. He then filed a motion to correct a sentencing error pursuant to Rule 3.800(b)(2). The trial court considered the motion and denied it in a written order. The court determined that, while the court was aware of the co-defendant’s statement, the record did not reflect that the court gave any consideration to the statement. The court explained how Young had essentially taken the court’s words at the sentencing hearing out of their intended context. On appeal, Young continues to contend that the court considered improper factors and violated his right to confront witnesses against him in relying on the statement of one of the other participants in the robbery.
 

 A motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) is not the proper vehicle to raise an issue involving the use of improper factors during sentencing.
 
 See Hannum v. State,
 
 13 So.3d 132, 135 (Fla. 2d DCA 2009) (“Initially, we must point out that rule 3.800(b)(2) is not the proper mechanism for preserving for appeal the issue of whether the court improperly considered certain factors in imposing sentence.”);
 
 see also Jackson v. State,
 
 983 So.2d 562, 572 (Fla.2008) (explaining that rule 3.800(b)(2) is intended to permit defendants to bring to the trial court’s attention errors in sentence-related orders, not any error in the sentencing process).
 

 Nevertheless, the trial court did consider and rule on the motion and determined that it had not relied on improper sentencing factors. Despite this, we would still be required to conclude that fundamental error occurred in order to reverse.
 
 Jackson,
 
 983 So.2d at 568-69.
 

 Even if the trial court had relied on the hearsay statements of the deceased co-defendant, a summary of which appears in the trial record, the court would not have fundamentally erred or erred at all, for that matter. The Sixth Amendment right of confrontation does not apply in sentencing proceedings.
 
 See Cameron v. State,
 
 943 So.2d 938, 939 (Fla. 4th DCA 2006). As Justice Cantero noted in concurring in
 
 Rodgers v. State,
 
 948 So.2d 655, 674 (Fla.2006), “Virtually every federal appellate court has recently addressed the issue and has reaffirmed the longstanding principle that the Confrontation Clause does
 
 not
 
 apply to sentencing.” (Citations omitted) (emphasis in original). Therefore, and particularly in light of the lack of objection, the court could have considered the statement of the co-defendant, and any such consideration would not constitute reliance on improper factors in sentencing Young. We also reject Young’s contention that the court relied on other improper factors.
 

 For the foregoing reasons, we affirm the conviction and sentence.
 

 FARMER and LEVINE, JJ., concur.