PER CURIAM.
 

 This is a State appeal from an order granting the motion to suppress filed by defendant-appellee Phillip Dickson. The State argues that the trial court ruling is contrary to the proposition that “[a] court must accept evidence which ... is neither impeached, discredited, controverted, contradictory within itself, or physically impossible.”
 
 State v. Fernandez,
 
 526 So.2d 192, 193 (Fla. 3d DCA 1988).
 

 At the hearing, the rule was invoked and the two police officers testified separately. The testimony of the two officers differed on whether the defendant was walking forward, or backward, when he allegedly shoved one of the officers. The officers disagreed over whether it was a light push or strong shove that almost knocked the officer down. The court was also skeptical of whether it was physically possible for the officers to have taken the defendant into custody in the way that they described. The court was free to make its own credibility determination, and this court is not free to reweigh the evidence.
 
 See State v. Glatzmayer,
 
 789 So.2d 297, 301 (Fla.2001);
 
 Byrd v. State,
 
 964 So.2d 806, 806-07 (Fla. 4th DCA 2007).
 

 Affirmed.