MAY, C.J.
The defendant appeals his convictions and sentences resulting from a home invasion robbery. He argues the trial court erred in three respects: (1) admitting testimony concerning the detective’s investigation of prior burglaries; (2) relying on the defendant’s untruthfulness on the stand and his betrayal of the victim in imposing the sentence; and (3) imposing public defender fees without giving the defendant an opportunity to be heard. We find no merit to the evidentiary issue and affirm his convictions, but reverse the sentences. We remand the case for re-sentencing by a different judge.
During sentencing the trial court made the following remarks:
I do find several aggravating circumstances in this case. You were certainly one of the planners of this robbery. This was not spur of the moment. You even went to the residences the night before. And for some reason you weren’t able to commit the robbery, and you went back the next day.
Well, what I find particularly aggravating is you abused the trust of one of your friends. Someone trying to help you. Someone trying to help you get a job. And you went to his house. You knocked on the door. He knew who you were. He opened the door. And you abused that trust by allowing several of your friends with firearms to burst into the house. You personally carried a firearm into the house. And during the commission of this offense.
You have a strong criminal history. Two prior burglaries pending by the time you committed this offense.
When you did testify during defense of this case, you blatantly lied. Testifying to the jury that they forced you to do this when you were really the organizer, schemer of this.
(Emphasis added).
The trial court then sentenced the defendant to thirty-five years in prison with a ten-year minimum mandatory on Counts I and II to run concurrent. The trial court sentenced the defendant to time served on Counts IV and V. Subsequently, a different judge[1] granted the defendant’s motion to correct his sentence with respect to Count II. That judge resentenced the defendant to fifteen years in prison on Count II, with a ten-year mandatory minimum. From his conviction and these sentences, the defendant now appeals.
The defendant argues the original trial court erred in relying on his untruthfulness on the stand and his betrayal of the victim in imposing his sentences. The State responds that the error was not preserved during the sentencing hearing and cannot be resurrected through the subsequently filed rule 3.800(b)(2) motion. Further, the State suggests no fundamental error occurred in the trial court’s reliance *1272 on the defendant’s untruthfulness on the stand. The State maintains that the inconsistencies in the defendant’s statements distinguish this case from those which found error in the trial court’s reliance on the defendant’s untruthfulness in sentencing. The State agrees, however, that the trial court failed to apprise the defendant of the public defender fee.
We have de novo review of an unpre-served error in sentencing. Croom v. State, 36 So.3d 707, 709 (Fla. 1st DCA 2010) (citing Garzon v. State, 980 So.2d 1038, 1043 (Fla.2008)).
 First, we agree with the State that the defendant cannot rely on a rule 3.800(b)(2) motion “to raise an issue involving the use of improper factors during sentencing.” Young v. State, 33 So.3d 151, 154 (Fla. 4th DCA 2010). Nevertheless, we may review the sentencing issue for fundamental error because it involves a denial of due process. See Smith v. State, 62 So.3d 698, 700 (Fla. 2d DCA 2011) (finding that the trial court committed fundamental error by considering the truthfulness of the defendant’s testimony during sentencing).
The transcript of the sentencing clearly reveals the original trial court’s reliance on the defendant’s untruthfulness on the stand. During the sentencing hearing, the trial court stated, “When you did testify during defense of this case, you blatantly lied.” “Florida law holds that a defendant’s perjury committed while under oath during trial is not a proper sentencing factor.” Bratcher v. State, 743 So.2d 112, 114 (Fla. 5th DCA 1999). The trial court committed fundamental error in relying on the defendant’s untruthfulness in imposing his sentence under Smith and Bratcher.
The trial court further erred in ordering the defendant to pay public defender fees without notice of a hearing or an opportunity to be heard. The State agrees, but requests us to remand the case to allow the sentencing judge to provide the defendant with the opportunity to be heard in accordance with Ciccia v. State, 854 So.2d 243 (Fla. 4th DCA 2003). That, we shall do.
We reverse and remand the case for resentencing before a judge other than the original sentencing judge. We note that a different judge heard the rule 3.800 motion and may be, but is not required to be, the appropriate judge to handle the resentenc-ing. Upon remand, the sentencing court must also afford the defendant an opportunity to be heard before imposing public defender fees.

Reversed and Remanded for Resentenc-ing.

DAMOORGIAN and CONNER, JJ., concur.

. The original trial judge was on leave when the motion was ruled upon.