LEVINE, J.
The issues presented for our consideration are whether the trial court committed fundamental error by answering a juror’s question in a manner which could have been interpreted as a comment on the evidence and by taking into consideration appellant’s perjury during trial in sentencing appellant. Appellant raises two other issues that we find without merit. However, we find the first two issues to be fundamental error, and as such, we reverse and remand.
Appellant was charged with burglary of a structure while armed, aggravated assault with a deadly weapon, false imprisonment, and grand theft of an automobile. At trial, the victim testified to working at a massage business operating out of a converted house. The victim saw appellant walking around the building, which was strange because customers normally rang the bell. The victim and her friend went to . the victim’s car and drove around the block. When the victim returned, she saw appellant and a.woman trying to open the door to the business. Appellant and the woman got into a car and left with the victim following behind and writing down appellant’s tag number. When the victim lost appellant, she drove back to the business.
Upon entering the building, the victim encountered appellant with two knives. Appellant put the larger knife to the victim’s neck and demanded money. The victim offered to go to the bank with appellant to get money. Appellant accused the victim of lying and directed her to a bedroom with a knife and then tied her up with tape, closed the door, and left the building. Subsequently, the victim untied herself and flagged down a motorist who contacted the police. The victim later identified appellant from a photo lineup. *1166 A detective was able to locate appellant from the tag number given by the victim. Appellant was questioned by the detective, and his videotaped confession was published to the jury but not transcribed. The detective testified that appellant admitted going into the house through a screen. Two of appellant’s fingerprints were found on tape recovered from the entrance of the bedroom.
Appellant testified to a different version of events. According to appellant, he had permission to enter the establishment, which he referred to as a “whorehouse.” During his sexual encounter with one of the women, he used tape on her. He paid the woman some money and told her he would pay the balance later. The woman and the owner of the establishment got mad at him. Appellant claimed he did not mention his tryst when he spoke with law enforcement because he did not want to tell the police he paid for sex.
During deliberations, the jury submitted the following question to the trial court: “Does the State have to prove he was armed within the structure?” The trial court, after discussions with counsel, referred the jury to the burglary instruction. The trial court stated, “In the burglary, the last paragraph is if you find [appellant] guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether in the course of committing the burglary, [appellant] was armed or armed himself within the structure with a dangerous weapon.”
A juror then asked in open court, “Is it fair to say that Ashley Walden [appellant] was armed within a structure with a dangerous weapon?” The trial court responded, “He was armed or armed himself, yes.”
The jury found appellant guilty of burglary of a structure while armed, the lesser-included offense of assault, false imprisonment, and grand theft of an automobile.
At sentencing, the trial court stated the following in regard to appellant’s prior record: “Okay. That was nolle prossed. I am not taking that into consideration. I am taking into consideration is [sic] the trial and your trial testimony where you got up and made some kind of story up on the stand.” The trial court sentenced appellant, and this appeal ensues.
Absent a contemporaneous objection, an appellate court reviews a judge’s improper comment for fundamental error. Jones v. State, 612 So.2d 1370, 1373 (Fla.1992); Ross v. State, 386 So.2d 1191, 1195 (Fla.1980). Fundamental error is error that “reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Mathew v. State, 837 So.2d 1167, 1170 (Fla. 4th DCA 2003) (quoting Rimmer v. State, 825 So.2d 304, 323 (Fla.2002)).
We note that “[a] judge may not sum up the evidence or comment to the jury upon the weight of the evidence, the credibility of the witnesses, or the guilt of the accused.” § 90.106, Fla. Stat. (2011).
While a judge may take some initiative to clear up uncertainties in the issues in a case, it is error for the judge to make any remark in front of the jury that might be interpreted as conveying the judge’s view of the case or an opinion on the weight, character, or credibility of the evidence.
[[Image here]]
Regardless of the proper intention of the court in making such remarks, in determining their effect on the jury we must consider that the high position which a judge holds in the scheme of the trial magnifies, in the minds of the jurors, the meaning of comments by the judge, to *1167 which he himself may not attach particular importance.
Jacques v. State, 883 So.2d 902, 905-06 (Fla. 4th DCA 2004) (citation omitted). “Where any doubt is raised that an accused was prejudiced by a judge’s remark, a new trial is warranted.” Rutledge v. State, 1 So.3d 1122, 1132 (Fla. 1st DCA 2009); see also Thomas v. State, 838 So.2d 1192 (Fla. 2d DCA 2003).
In Jacques, this court found fundamental error occurred where, during defense counsel’s closing argument, the judge commented, “That’s not what she said and that’s not what the record shows.” 883 So.2d at 905. Similarly, in the present case, the trial court, albeit inadvertently, made a comment that could have been construed by the jury as a comment on the evidence or appellant’s guilt. The trial court correctly reread the burglary instruction after the jury asked whether the state had to prove appellant was armed within the structure. A juror then orally asked, “Is it fair to say that [appellant] was armed within a structure with a dangerous weapon?” Because the juror appeared to be asking about the facts of the case, the court’s response could have been construed by the jury as a comment on the evidence or appellant’s guilt, thus warranting a new trial.
The trial court also committed fundamental error by considering appellant’s perjury during trial in sentencing appellant. Josephs v. State, 86 So.3d 1270, 1272 (Fla. 4th DCA 2012). In Josephs, during the sentencing hearing, the court stated to the defendant, “When you did testify during defense of this case, you blatantly lied.” Id. at 1271. The court then imposed his sentence. Because “a defendant’s perjury committed while under oath during trial is not a proper sentencing factor,” “[t]he trial court committed fundamental error in relying on the defendant’s untruthfulness in imposing his sentence.” Id. at 1272 (citation omitted).
Similarly, in the instant case, during the sentencing hearing, the trial court stated that it was “taking into consideration” appellant’s “trial testimony where [he] got up and made some kind of story up on the stand.” The court then imposed appellant’s sentence. Like in Josephs, this statement clearly reveals the trial court’s improper reliance on the defendant’s untruthfulness on the stand. Resentencing before a different judge is the resulting appropriate remedy. See id. However, because we also reverse and remand for a new trial, in the interest of judicial economy a different judge should preside over both the new trial and if necessary, the ensuing sentencing.

Reversed and remanded.

WARNER and CIKLIN, JJ„ concur.