DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ANTHONY WARD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4483

[November 19, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 502011CF012393BMB.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Anthony Ward testified at a jury trial where he was convicted of several crimes. At his sentencing, the trial judge justified the sentence by stating, in part, "I did not find your testimony credible."

It is fundamental error for a sentencing judge to take into consideration a defendant's truthfulness while testifying. *See Josephs v. State*, 86 So. 3d 1270, 1272 (Fla. 4th DCA 2012); *Walden v. State*, 123 So. 3d 1164, 1167 (Fla. 4th DCA 2013); *Bratcher v. State*, 743 So. 2d 112, 114 (Fla. 5th DCA 1999). The Supreme Court explained the rationale for this rule in *City of Daytona Beach v. Del Percio*:

> Conflicting evidence inheres in most trials, and to allow imposition of a harsher sentence merely because the trial judge believes the evidence supporting his finding of guilt, would create a catch-22—the defendant may not be punished for his exercise of the right to trial but may be punished for his lack of candor during the trial.

476 So. 2d 197, 205 (Fla. 1985).

We have considered the other point raised on appeal and find no reversible error.

This case is affirmed in part, reversed in part, and remanded for resentencing before a judge other than the original sentencing judge. *See Josephs*, 86 So. 3d at 1272.

DAMOORGIAN, C.J., and STEVENSON, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***