FORST, J.
Appellant Maxime Cherilus was found guilty of delivery of cocaine under sections 893.13(l)(a) and (2)(a), Florida Statutes (2012). Notwithstanding the State’s recommendation of an eighteen-month prison sentence (followed by two years of probation), Appellant was sentenced to ten years in prison. Appellant raises three issues on appeal: (1) the trial court erred in refusing to instruct the jury that knowledge was an element of the offense of delivery of cocaine; (2) the trial court erred in restricting Appellant’s cross-examination^ concerning the informant’s background; and (3) the trial court erred by improperly imposing a harsher sentence due to its belief that Appellant’s testimony at trial was untruthful. We affirm the first two issues without discussion. .However, we agree with Appellant’s third argument and therefore reverse the denial of Appellant’s Motion to Vacate Sentence and remand this case for resentencing.
Background
Believing he was facilitating a cocaine transaction for his friend’s brother, who was actually a police informant, Appellant met with an undercover officer and exchanged-a sample of cocaine for $50. During the meeting, Appellant and the undercover officer discussed a sale of five ounces of cocaine to take place the following day. They negotiated a price of $1,200 per ounce, referring to cocaine using terms such as “product” and “goods.” The next day, the deal was called off. because Appellant and the undercover officer could not *394 agree on where to meet. Soon thereafter, Appellant was arrested while he was waiting for the informant in a restaurant parking lot.
At trial, Appellant testified and admitted that he gave a sample of cocaine to an undercover officer in exchange for $50. However, Appellant maintained he had been entrapped by the informant, who he claimed repeatedly called him, gave police his phone number, and continuously pressured him to deliver cocaine after he initially refused to get involved. The State presented recordings of Appellant speaking with the undercover officer to arrange for the sale of cocaine. Appellant testified that the informant told him what to do and say, and to act like this was not his first time selling cocaine because the buyer did not want to deal with a middleman.
Appellant asserted that he had never previously' sold cocaine and delivered it only because he was pressured by the informant. Appellant maintained that he kept the $50 he got for the sample in his car to give to the informant. Other than the $50, Appellant never received anything for his actions, although he testified that he was hopeful that he would ingratiate himself with the informant so that this individual might help him with his rent payments and with money for Appellant’s family in Haiti. Appellant claimed this was an isolated incident.
The jury found Appellant guilty of delivery of cocaine. At sentencing, the State recommended that Appellant be sentenced to eighteen moiiths in prison followed by two years’ drug offender probation. Appellant again argued that this was an isolated incident; he had no prior criminal history and scored only 28 sentencing points. Appellant asked the court to withhold adjudication, sentence him to twenty-four months of probation, and treat him like a first-time offender. However, the trial judge rejected this argument because he believed the testimony depicted a “cagey, clever drug dealer,” not someone who was pressured by a friend to do a one-time deal. The trial judge then stated:
I do not buy for one second that this was entrapment. I do not buy this trial testimony. I don’t accept his testimony on the stand at trial. I do not feel he was truthful there or here. That is just my assessment that I do not mind putting on the record.
Afterwards, the trial judge stated that Appellant “is the type of individual that we do need to lock up” and sentenced him to ten years in prison.
At the subsequent hearing on Appellant’s Motion to Vacate Sentence, the trial judge stated:
But I want to be clear here, I based my sentence on his actions that were portrayed at trial and the way he acted during the course of the alleged criminal activity, not his testimony, so-to-speak, all right, so we are clear here.
Afterwards, the trial judge denied the Motion to Vacate Sentence.
Analysis
We review the legality of a trial court’s sentencing de novo. Grosso v. State, 2 So.3d 362, 364 (Fla. 4th DCA 2008).
“Florida law holds that a defendant’s perjury committed while under oath is not a proper sentencing factor.” Josephs v. State, 86 So.3d 1270, 1272 (Fla. 4th DCA 2012) (quoting Bratcher v. State, 743 So.2d 112, 114 (Fla. 5th DCA 1999)). “A court may not rely on a defendant’s lack of truthfulness in imposing sentence because it ‘would create a catch-22 — the defendant may not be punished for his exercise of the right to trial but may be punished for his lack of candor during the trial.’ ” Hannum v. State, 13 So.3d 132, *395 136 (Fla. 2d DCA 2009) (quoting City of Daytona Beach v. Del Percio, 476 So.2d 197, 205 (Fla.1985)). Such reliance constitutes a denial of due process and warrants resentencing before a different judge. See id.; see also Ward v. State, 152 So.3d 679, 679 (Fla. 4th DCA 2014) (holding that the sentencing judge erred when he justified the sentence by stating “I did not find your testimony credible” and that it is fundamental error to take into consideration a defendant’s truthfulness when testifying); Jackson v. State, 39 So.3d 427, 428 (Fla. 1st DCA 2010) (reversing because trial court’s statement during sentencing regarding the defendant’s “showing] no remorse or regret for [his] actions” can “reasonably be read only as conditioning the sentence, at least in part, upon [the defendant’s] claim of innocence, in violation of established law.”).
Here, based on “just [his] assessment,” the trial judge stated that he found Appellant to be “cagey” and his testimony to be untruthful, immediately before sentencing Appellant to a prison term in excess of six times the State’s recommendation. We find the trial judge’s later statements during the hearing on Appellant’s Motion to Vacate Sentence unpersuasive and insufficient for the purpose of supporting this sentence. The trial judge improperly considered what he viewed as Appellant’s untruthfulness when determining Appellant’s sentence.
Conclusion
Appellant was denied due process when the trial court considered and relied upon Appellant’s purported untruthfulness (as to his history with illegal drug transactions, notwithstanding the lack of a criminal history) as a factor during sentencing. For this reason, we reverse the denial of Appellant’s Motion to Vacate Sentence and remand for resentencing before a different judge.

Affirmed in part, Reversed in part, and Remanded.

DAMOORGIAN and LEVINE, JJ, concur.