*441
ON MOTION FOR REHEARING

PER CURIAM.
, We deny appellant’s motion for rehearing and certification, but grant his motion for written opinion. We affirm the denial of his post-conviction motion and address solely his Sixth Amendment claim.
Appellant was convicted of armed burglary of a structure with actual possession of a firearm,- robbery with a firearm and aggravated battery with great bodily harm. The convictions followed a home invasion robbery in 2003. Following sentencing, he filed an appeal which resulted in per curiam affirmance without opinion in Grange v. State, 11 So.3d 368 (Fla. 4th DCA 2009).
Appellant then filed the subject motion for post-conviction relief raising five claims of ineffective assistance of trial counsel. The trial court summarily denied four of the grounds and after an evidentiary hearing, denied relief on the remaining one. The evidentiary hearing addressed a claim of failure of counsel to call alibi and other exculpatory witnesses to testify at trial.
Defense trial counsel did not testify at the evidentiary hearing, but the trial court considered a transcript of his deposition testimony taken before the hearing. In this deposition, counsel testified that he did not call appellant’s relatives, friends and neighbors as defense/alibi witnesses because he concluded after investigation that they would not be helpful., He testified that the witnesses he contacted essentially offered to commit perjury in testifying for appellant at trial. Some asked him “if it would help” the defense if they were to testify that appellant was in New York on the day of the crimes. Counsel also testified to having attempted unsuccessfully to locate a witness who was supposed to have had a connection to the vehicle used in these crimes.
Appellant and several relatives testified at the evidentiary hearing, as did a polygraph examiner and the two prosecutors. The trial court expressly found the testimony of appellant and his defense witnesses not credible, .but that testimony of the two prosecutors and the polygraph examiner was credible. One prosecutor .said the victim identified appellant at trial as the person who had burned him with a hot iron during the crimes. The polygraph examiner testified that appellant “failed dismally” on questions relating to the crime, including when he said he was out of state on the date in question.
This Court initially per curiam affirmed the trial court’s denial of this motion without opinion in Grange v. State, 4D14-1864, 2016 WL 3092506 (Fla. 4th DCA June 2, 2016). Appellant now asks this Court to grant rehearing or certify as a question of great public importance the issue of whether a trial court can consider deposition testimony .of trial counsel in proceedings under rule 3.850 which include an .evidentiary hearing.
We deny the motion insofar as appellant challenges the propriety of the trial court’s consideration of the deposition testimony of trial counsel in lieu of live testimony at the evidentiary hearing. Nothing in rule 3.850 or interpretive case law precludes the trial court from considering transcripts which were part of the court record along with live testimony presented at the evidentiary hearing on a claim. Appellant’s post-conviction counsel took the deposition of trial counsel and apparently the transcript was filed by the court reporter. As part of the court file, it was properly considered.
To.the extent appellant’s challenge is based on the Sixth Amendment’s confrontation clause, an argument included in his initial brief, we offer the following dis *442 cussion. The Sixth Amendment provides that “[i]n all criminal prosecutions, the accused shall enjoy the right . .vto be confronted with the witnesses against him.” U.S. Const. Amend. VI. The Supreme Court has acknowledged that “[t]he right to confrontation is basically a trial right.” United States v. Burke, 345 F.3d 416, 426 (6th Cir.2003) (quoting Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968)). This Court said in Jones v. State, 69 So.3d 329 (Fla. 4th DCA 2011) that post-conviction proceedings are civil but also quasi-criminal in nature because they are entertained in criminal courts.
A postconviction movant, however, does not have the same panoply of constitutional rights which are afforded to a defendant in a criminal prosecution.
Neither the Fifth nor the Sixth Amendment rights of a criminal defendant apply in postconviction relief proceedings. Arbelaez v. State, 898 So.2d 25, 42 (Fla.2005). See also Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (holding that prisoner has no federal constitutional due process or equal protection right to counsel in postconviction proceedings); Mayolo v. State, 714 So.2d 1124, 1124 (Fla. 4th DCA 1998) (recognizing that a postconviction movant has no Sixth Amendment right to appointed counsel). A postconviction movant stands convicted under a presumptively valid judgment and the movant, as a civil litigant, has the burden of proving a legally valid basis to vacate that judgment.
Id. at 333-34.
This Court also has recognized that the Sixth Amendment right of confrontation does not apply in sentencing proceedings. Young v. State, 33 So.3d 151, 154 (Fla. 4th DCA 2010) (citing Cameron v. State, 943 So.2d 938, 939 (Fla. 4th DCA 2006). In Cameron, this Court said that “the Sixth Amendment right of a defendant to confront the witnesses against him or her is part of the right to a trial by jury when determining guilt and does not apply at the sentencing stage.” Id. at 939. Similarly, the Florida Supreme Court recognized in Peters v. State, 984 So.2d 1227, 1232-33 (Fla.2008) that the Sixth Amendment Confrontation Clause does not apply to probation revocation proceedings.
Appellant’s Sixth Amendment rights were not violated by the trial court’s consideration of deposition testimony of his trial counsel. Accordingly, we deny rehearing on this claim and affirm the trial court’s denial of the other claims without the need for further discussion.
WARNER, DAMOORGIAN and FORST, JJ., concur.