Per Curiam.
Appellant challenges his conviction and sentence for attempted second degree murder. We affirm the conviction without further discussion. We reverse the sentence, however, as the state concedes that the trial court’s comments during sentencing—that appellant’s testimony at trial was “untruthful and not believable” and warranted the maximum sentence—constituted fundamental error. See Cherilus v. State, 199 So.3d 392, 394-95 (Fla. 4th DCA 2016) (finding that defendant was denied due process when the court relied upon his purported untruthfulness as a factor during sentencing, as reliance on such “would create a catch-22—the defendant may not be punished for his exercise of the right to trial but may be punished for his lack of candor during the trial” (quoting Hannum v. State, 13 So.3d 132, 136 (Fla. 2d DCA 2009))); Ward v. State, 152 So.3d 679, 679 (Fla. 4th DCA 2014) (reversing sentence as fundamentally erroneous where judge justified the sentence by stating “I did not find your testimony credible”); Josephs v. State, 86 So.3d 1270, 1272 (Fla. 4th DCA 2012) (holding that “a defendant’s perjury committed while under oath during trial is not a proper sentencing factor” (quoting Bratcher v. State, 743 So.2d 112, 114 (Fla. 5th DCA 1999))). We remand for resen-tencing before a judge other than the original sentencing judge.
Warner, Gerber and Forst, JJ., concur.