# Third District Court of Appeal
## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1525
Lower Tribunal Nos. F18-22475 & F19-3572

_____

**Juan Carlos Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

George J. Vila, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

SCALES, J.

Juan Carlos Gonzalez appeals the trial court's September 22, 2020 "Order Revoking Probation and Sentencing Defendant," claiming that the trial court committed fundamental error by conducting Gonzalez's probation violation and sentencing hearing via the Zoom videoconferencing platform.[1] Specifically, Gonzalez claims that he and his attorney had the right to be present in the courtroom for the probation violation and sentencing hearing and that the remote proceedings conducted below by the trial court violated Florida Rule of Criminal Procedure 3.180 and his rights to due process, confrontation, and effective assistance of counsel under both the United States and Florida Constitutions. Recognizing, however, that he participated

---

[1] On September 16, 2019, Gonzalez pleaded guilty to (i) four counts of aggravated stalking in violation of a court order and one count of strong-armed robbery (lower tribunal case number F18-22475), and (ii) two counts of aggravated stalking in violation of a court order (lower tribunal case number F19-3572). The trial court placed Gonzalez on two years of probation in both cases, including a special probation condition that required Gonzalez not to have any contact with the victim. At the remote hearing, the trial court determined that Gonzalez violated this special condition by sending the victim flowers with a card and by sending threatening texts to the victim through a third party. The trial court then sentenced Gonzalez for the underlying crimes as follows: (i) in F18-22475, to fifteen years in prison for strong-armed robbery, followed by two years of probation for each of the four counts of aggravated stalking – with all counts to run consecutive to each other and consecutive to the sentence imposed in F19-3572; and (ii) in F19-3572, to five years in prison for one count of aggravated stalking and to two years of probation for the second count of aggravated stalking – with both counts to run consecutive to each other and consecutive to the sentence imposed in F18-22475.

at the remote hearing without objection and while rule 3.180 was temporarily suspended,[2] Gonzalez acknowledges that he must establish that any error in his not being physically present for the remote proceeding must rise to the level of fundamental error. See Brown v. State, 335 So. 3d 123, 127-28 (Fla. 4th DCA 2022).[3] Below, we analyze each of Gonzalez's alleged assignments of fundamental error with respect to the trial court's conducting, remotely, both Gonzalez's violation of probation hearing and the resulting sentencing hearing, and explain why we find no fundamental error on this record, thus compelling us to affirm.[4]

---

[2] The remote hearing conducted below occurred on September 21, 2020, while the Florida Supreme Court's administrative order temporarily suspending court rules that "limit or prohibit the use of communication equipment for the remote conduct of proceedings" was still in effect. See In re Comprehensive COVID-19 Emergency Measures for the Florida State Courts, Fla. Admin. Order No. AOSC20-23, Amend. 5 (Aug. 12, 2020).

[3] Fundamental error is error "so prejudicial to the defendant's ability to receive a fair trial that reversal is required even absent a contemporaneous objection." Louidor v. State, 162 So. 3d 305, 310 (Fla. 3d DCA 2015). "[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process." Hopkins v. State, 632 So. 2d 1372, 1374 (Fla. 1994) (quoting State v. Johnson, 616 So. 2d 1, 3 (Fla. 1993)).

[4] Gonzalez does not otherwise challenge the revocation of his probation or the sentence imposed by the trial court. At oral argument, however, Gonzalez's appellate counsel suggested that Gonzalez's trial counsel was ineffective for failing to object to Gonzalez's virtual presence at the probation revocation and sentencing hearing. Because this issue was not raised in Gonzalez's initial brief and because trial counsel's ineffectiveness is not

### A. The Remote Probation Violation Hearing: Gonzalez's Rule 3.180, Due Process and Confrontation Clause Claims

As to the trial court's conducting Gonzalez's probation violation hearing remotely, this Court's decision in Clarington v. State, 314 So. 3d 495 (Fla. 3d DCA 2020) squarely addressed and rejected rule 3.180, due process and confrontation clause claims similar to those asserted by Gonzalez. Unlike Gonzalez, though, Clarington made a pre-hearing objection to the trial court conducting Clarington's probation violation hearing remotely. After the trial court denied Clarington's objection, Clarington petitioned this Court to prohibit the trial court from conducting the proceedings remotely. We denied Clarington's prohibition petition, concluding that: (i) "to the extent that rule 3.180 could be construed to limit or prohibit [a] remote probation violation hearing . . . , AOSC 20-23 suspends application of that rule," Id. at 500; and (ii) because a probation violation hearing is a post-adjudicatory proceeding rather than a "critical stage of trial" or a "criminal prosecution," Id. at 502, and "[i]n light of the temporary nature of the proposed conduct of remote proceedings at issue here, and balancing the defendant's interests against

apparent on the face of this record, we decline to address Gonzalez's ineffective assistance of trial counsel claim in the first instance. See Baxter v. State, 318 So. 3d 601, 604 (Fla. 3d DCA 2021); Rosier v. State, 276 So. 3d 403, 406 (Fla. 1st DCA 2019).

the competing interests at stake and the necessities created by the threat to public health and safety posed by the novel Coronavirus, . . . the trial court's order directing that the probation violation hearing be conducted by use of remote technology in which each of the participants will be at a separate location, does not violate Clarington's right to confrontation or due process." Id. at 507.

Based upon our decision in Clarington, with respect to Gonzalez's rule 3.180, due process, and confrontation clause claims, we conclude that the trial court did not fundamentally err by conducting Gonzalez's probation violation hearing remotely.

## B. The Remote Sentencing Hearing: Gonzalez's Rule 3.180 and Due Process Claims

At the conclusion of Gonzalez's probation violation hearing, after finding Gonzalez had violated the special terms of his probation, the trial court immediately proceeded to sentence Gonzalez for the underlying crimes for which Gonzalez had been put on probation. Gonzalez argues that the trial court fundamentally erred by conducting the sentencing portion of the hearing remotely.

We deny Gonzalez's claims and adopt the reasoning employed by the Fourth District in its recent decision in Brown v. State, 335 So. 3d 123 (Fla. 4th DCA 2022). In Brown, our sister court squarely addressed and rejected

5

similar rule 3.180 and due process claims made by Brown, who, like Gonzalez, failed to object to the trial court conducting the sentencing hearing remotely. Citing to <u>Clarington</u>, the <u>Brown</u> court dispensed with Brown's rule 3.180 claim, determining that no fundamental error occurred because the rule had been suspended temporarily by AOSC20-23 in light of the public health emergency created by the novel Coronavirus. <u>Id.</u> at 128.

In rejecting Brown's argument that the remote sentencing hearing fundamentally infringed upon Brown's due process rights, the <u>Brown</u> court focused on how the trial court conducted the proceedings, observing, in relevant part, that: (i) Brown was not denied private access to his counsel during the hearing; (ii) Brown had a meaningful opportunity to be heard through his counsel at the hearing; (iii) Brown "was able to present all of the evidence and the argument which he sought to introduce at sentencing"; and (iv) none of the technical difficulties that occurred during the hearing hindered Brown's ability to present his mitigation argument to the court. <u>Id.</u> 129-30. "[U]nder this case's facts," the <u>Brown</u> court concluded, "any error in not having the defendant physically present did not rise to the level of fundamental error." <u>Id.</u> at 127.

We make the same observations regarding Gonzalez's sentencing hearing, and reach the same result as did our colleagues in <u>Brown</u>. We

6

conclude that, with respect to Gonzalez's rule 3.180 and due process claims, no fundamental error occurred here when the trial court remotely conducted the sentencing portion of Gonzalez's hearing.

### C. The Remote Probation Violation Hearing and Sentencing Hearing: Gonzalez's Effective Assistance of Counsel Claims

Next, we turn to Gonzalez's claims that the trial court fundamentally erred by conducting both the violation of probation and sentencing hearing remotely because, Gonzalez asserts, the remote platform abridged Gonzalez's right to effective assistance of counsel. Specifically, Gonzalez asserts that (i) the general procedures the trial court employed for conducting the subject remote proceeding were fundamentally flawed, and (ii) the technology functioned so poorly throughout the remote proceeding that Gonzalez could not adequately participate in and view the proceeding and consult with his attorney.

To protect Gonzalez's right to counsel during the proceedings, the trial court utilized the Zoom videoconferencing platform's "breakout room" feature, which enabled Gonzalez and his trial counsel to speak privately during the remote proceeding. The trial court gave Gonzalez permission to raise his hand at any time to signal to the court that he wished to speak to his counsel. During the probation violation aspect of the remote hearing, Gonzalez raised his hand during defense counsel's cross-examination of the

7

probation officer. The trial court stopped the hearing, confirmed that Gonzalez wished to speak to his lawyer, and then placed Gonzalez and his counsel into the private breakout room. When the private conversation concluded, the hearing resumed. Similarly, during the sentencing aspect of the remote hearing, Gonzalez requested to speak with his attorney prior to making a statement to the trial court. The trial court stopped the hearing once again, placing Gonzalez and his counsel into the virtual breakout room.

Moreover, whenever a hearing participant could not be seen or heard, or a participant dropped out of the remote proceeding, the trial court stopped the hearing immediately. Once the technical difficulty was resolved, the trial court directed counsel to repeat the question that was asked to ensure that all participants heard both the question and the witness's answer. At no point did Gonzalez or his trial counsel inform the trial court of any inadequacies associated with the use of the platform's breakout room or the trial court's safeguards and remedies employed for technical difficulties.

While it is axiomatic that a criminal defendant has the fundamental right to counsel at every critical stage of the proceeding, see Amend. VI, U.S. Const.; Art I, § 16, Fla. Const., which includes "a hearing involving revocation of probation as well as at the time of sentencing," Smith v. State, 427 So. 2d 773, 774 (Fla. 2d DCA 1983), it bears noting that "the right to counsel is the

8

right to the *effective* assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970) (emphasis added). Hence, our constitutional inquiry in this plenary appeal is whether the trial court's use of the Zoom videoconferencing platform rendered Gonzalez's counsel so ineffective as to amount to fundamental error. <u>See</u> <u>Jackson v. State</u>, 983 So. 2d 562, 566 (Fla. 2008) (recognizing that "denial of counsel" claims "remain subject to the contemporaneous objection rule; if not preserved at trial, they may be reviewed on appeal only for fundamental error").

On this record, we are unable to conclude that the remote hearing – conducted with the safeguards outlined above – resulted in a constitutional deprivation of the effective assistance of counsel so as to constitute fundamental error. We agree that, in most settings and under most circumstances, it is probably optimal to have counsel sitting next to the defendant at the same table. But this is not a case where either Gonzalez or his attorney notified the trial court that some infirmity of the remote platform hindered Gonzalez's counsel's effectiveness, and, even on appeal, Gonzalez has not identified any such infirmity. We decline Gonzalez's invitation to conclude, under circumstances presented here, that a lawyer who is not sitting next to a defendant at counsel table during a probation violation hearing or a probation sentencing hearing is ineffective *as a matter*

9

*of law*, such that a trial court commits fundamental error by remotely conducting such proceedings.

**D. *The Sentencing Hearing: Gonzalez's Confrontation Clause Claims***

Finally, we dispose of Gonzalez's claim that the trial court fundamentally erred by conducting the sentencing hearing remotely resulting in a violation of Gonzalez's rights under the confrontation clause.[5]

While the Florida Supreme Court has determined that the confrontation clause applies in sentencing hearings for capital cases,[6] the confrontation clause's applicability in sentencing hearings for non-capital cases is less certain.[7] We need not reach or decide the clause's applicability in this case,

---

[5] "In addition to allowing for face-to-face confrontation, the Confrontation Clause serves other important interests." Harrell v. State, 709 So. 2d 1364, 1368 (Fla. 1998). "[T]he Confrontation Clause also ensures (1) that the witness will give the testimony under oath, impressing upon the witness the seriousness of the matter and protecting against a lie by the possibility of penalty of perjury, (2) that the witness will be subject to cross-examination, and (3) that the jury will have the chance to observe the demeanor of the witness, which aids the jury in assessing credibility." Id.

[6] Rodgers v. State, 948 So. 2d 655, 663 (Fla. 2006) (observing, in a capital case, "[a] defendant's rights under the Confrontation Clause apply to the guilt phase, the penalty phase, and sentencing"); Engle v. State, 438 So. 2d 803, 814 (Fla. 1983) (stating, in a capital case, that the "right of confrontation protected by cross-examination is a right that has been applied to the sentencing process").

[7] Compare Rodgers, 948 So. 2d at 674 (J. Cantero, concurring) ("Virtually every federal appellate court has recently addressed the issue and has reaffirmed the longstanding principle that the Confrontation Clause does not

though, because no circumstances giving rise to the confrontation clause's application occurred at sentencing. Indeed, the trial court considered no additional witness testimony or testimonial evidence during Gonzalez's probation violation sentencing hearing. We decline Gonzalez's invitation to conclude that, under these circumstances, the trial court fundamentally erred by conducting a remote sentencing hearing in conjunction with a probation violation.

Accordingly, finding no fundamental error on this record, we affirm the challenged order.

Affirmed.

---

apply to sentencing."); <u>Grange v. State</u>, 199 So. 3d 440, 442 (Fla. 4th DCA 2016) ("This Court also has recognized that the Sixth Amendment right of confrontation does not apply in sentencing proceedings."); <u>Box v. State</u>, 993 So. 2d 135, 137 (Fla. 5th DCA 2008) ("The analysis generally engaged in by courts considering the issue is basically that because the right of confrontation is a trial right, it applies during the guilt or innocence phase of a prosecution, but not to sentencing. Sentencing in the non-capital context is not conceived of as part of the trial. A review of the federal decisions considering this theory reflects virtual unanimous support for this position.") (citation omitted), <u>with</u> <u>Desue v. State</u>, 908 So. 2d 1116, 1117 (Fla. 1st DCA 2005) ("[W]e assume for purposes of decision that, like the Confrontation Clause it construes, the rule laid down in <u>Crawford [v. Washington</u>, 541 U.S. 36 (2004)] applies at sentencing.").