# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-991
Lower Tribunal No. 20-2816
_____

**Nancy Ponn,**
Appellant,

vs.

**Metro Express, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Philip D. Parrish, P.A., and Philip D. Parrish, for appellant.

Conroy Simberg, and Hinda Klein (Hollywood), for appellees.

Before LINDSEY, GORDO and LOBREE, JJ.

GORDO, J.

Nancy Ponn appeals a final judgment in favor of Metro Express, Inc. and Miami-Dade County. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because Ponn failed to provide an adequate record on appeal, we affirm.

In February 2020, Ponn sued Metro and Miami-Dade for negligence after she allegedly slipped and fell on a muddy area in the street where Metro was doing construction. Ponn argued that Metro entered into a contract with Miami-Dade to perform construction and repair work at the condominium complex where she lived and both were negligent for failing to maintain, inspect or warn of the dangerous condition. A three-day jury trial commenced on September 20, 2021, after which the jury entered a verdict in favor of Metro and Miami-Dade. Ponn filed a motion for new trial arguing the trial court: (1) erred by refusing to give one of Ponn's requested jury instructions; and (2) erroneously commented on Ponn's evidence. The trial court denied the motion. This appeal followed.

On appeal, Ponn provided extremely limited portions of the trial transcript in the record—namely, three-pages of one witness's testimony, closing arguments of the parties and discussions from the charge conference. "To a large extent appellants proceed at their peril when they

furnish a partial transcript." Fay v. Craig, 99 So. 3d 981, 982 (Fla. 5th DCA 2012).

The choice to provide piecemeal transcripts deprived this Court of the ability to review the record as a whole. Absent a full transcript, this Court cannot determine whether the evidence presented by Ponn at trial supported her argument that the proposed jury instruction should have been included or whether it was prejudicial for the trial court to fail to include that instruction. See N. Lauderdale Supermarket, Inc. v. Puentes, 332 So. 3d 526, 528 (Fla. 4th DCA 2021) ("A trial court's decision to give or refuse to give a proposed jury instruction is reviewed for an abuse of discretion." (quoting Philip Morris USA, Inc. v. McCall, 234 So. 3d 4, 14 (Fla. 4th DCA 2017))); Olsten Health Services, Inc. v. Cody, 979 So. 2d 1221, 1227 (Fla. 3d DCA 2008) ("[I]n reviewing the trial court's decision to deny the requested jury instruction, we take into account not only the requested instruction but all instructions given to the jury."); Matalon v. Greifman, 509 So. 2d 985, 986 (Fla. 3d DCA 1987) ("Generally, all instructions given by a trial court should be considered in light of the evidence [presented] before reversible error can be ascertained. . . .").

Further, without the full trial transcript, the Court cannot determine whether the trial court's comment discussed by Ponn resulted in fundamental error that reached down into the validity of the trial. See Walden v. State,

3

123 So. 3d 1164, 1166 (Fla. 4th DCA 2013) ("Absent a contemporaneous objection, an appellate court reviews a judge's improper comment for fundamental error."); Mathew v. State, 837 So. 2d 1167, 1170 (Fla. 4th DCA 2003) (stating that fundamental error is that which "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error"); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Affirmed.